(No. 27325.—

THE PEOPLE *ex rel.* Clarence Lowe, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed May 16, 1944.*

CLARENCE LOWE, *pro se.*

GEORGE F. BARRETT, Attorney General, for respondent.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

- The petitioner, Clarence Lowe, seeks a release on *habeas corpus,* from the Illinois Penitentiary at Stateville. He was convicted and sentenced by the criminal court of Cook county on November 28, 1924, to serve from one to twenty years in the Pontiac reformatory commencing in December of that year. He was released on an intrastate parole, effective October, 1927. He went to Chicago where his parole was to be fulfilled. He was arrested as a parole violator in 1930 and turned over to the officers of Sacramento, California, where he was tried, convicted and sentenced to serve from one to fourteen years, commencing February 1, 1930, for a crime committed in that State. On September 9, 1937, an Illinois warrant was issued for his arrest as a parole violator. On September 16, 1937, the Department of Public Welfare issued a transfer order transferring him from the Illinois Penitentiary, Pontiac, to the Illinois Penitentiary, Joliet, Diagnostic Depot. Subsequently, on September 24, 1937, the Department of Public Welfare issued its order transferring him from the Illinois State Penitentiary, Joliet, Diagnostic Depot, to the Illinois State Penitentiary, Joliet. On October 11, 1937, the Parole Board entered an order declaring petitioner a parole violator. On March 20, 1943, the Department of Public Safety entered its order transferring petitioner from the

Illinois State Penitentiary, Joliet Division, to the Illinois State Penitentiary, Stateville Division, where he was in custody when his petition was filed, according to the warden's return, by virtue of the judgment of the criminal court of Cook county and of the various orders entered and the warden's warrant hereinabove set forth.

At the time he was sentenced to the Pontiac reformatory in 1924, section 11 of the 1917 Parole Act then in force, (Laws of 1917, p. 353; Smith-Hurd's Ann. Stat. 1935, chap. 38, pars. 811-815, set forth in historical notes,) provided that one sentenced to a reformatory could be transferred to the penitentiary on the petition of the Department of Public Welfare, filed in the court from which the prisoner was committed, for an order for such transfer. Ten days' notice with a copy of the petition to the prisoner was required and the prisoner was entitled to a hearing and to be present in court. By the 1917 Parole Act, the above-mentioned provisions were made a part of the sentence.

Section 6 of the Penitentiary Act of 1933 (Ill. Rev. Stat. 1941, chap. 108, par. 110,) provides: "Subject to the other provisions of this Act, the Department of Public Safety shall have full power to transfer prisoners from one division to another as often as the nature of the individual case or the exigencies of administration may require." That section makes no provision for notice to the prisoner, nor for a hearing in the court in which he was sentenced, nor for his presence in court. No court proceedings are contemplated. We are faced with the simple question as to whether said section 6 has a retroactive operation, in the absence of language so clear as to admit of no other construction. That question is no longer an open one in this State. This court has held that section 11 of the 1917 Parole Act applies to sentences and commitments made during the time it was in effect, because its provisions were made a part of the sentence. (*People ex rel. Kerner* v. *McKinley*, 371 Ill. 190.) The Peniten-

tiary Act of 1933 is entirely without effect upon those who were sentenced to the reformatory prior to its enactment. (*People ex rel. Cassidy* v. *McKinley,* 372 Ill. 247.) The Parole Act of 1917, so far as the petitioner is concerned, has not been repealed. Since he is in the custody of respondent under transfer orders of the Department of Public Welfare which are ineffective as to him, the warden was without authority to hold him at the time the petition for *habeas corpus* was filed, and the petitioner is entitled to his release and he is therefore discharged from custody.

*Petitioner discharged.*