## PEOPLE ex rel. HERNDON v. NIERSTHEIMER.

## No. 961.

District Court, E. D. Illinois.

June 4, 1945.

Thomas Herndon, in pro. per.

George T. Barrett, Atty. Gen. of Illinois, for respondent, Walter Niertsheimer, Warden, Illinois State Penitentiary.

WHAM, District Judge.

[1] The petition for habeas corpus having been filed by relator, a show cause order was served upon the respondent and he has filed herein his return with supporting brief. Relator has submitted his answer to the return with his brief. From a review of the entire record it is apparent that no issue of fact remains. Since questions of law only are presented complete disposition of the case can now be made. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

The undisputed facts which give rise to the questions of law will be stated as briefly as possible. In the year 1929 relator was indicted in the Lawrence County, Illinois, Circuit Court and charged with the crime of robbery while armed. On June 20, 1929 the defendant entered a plea of guilty and was sentenced to the Illinois State Reformatory at Pontiac, Illinois, for an indeterminate sentence as provided by law of not less than one year and not more than life. Pursuant to the sentence he was delivered to the superintendent or warden of the Illinois State Reformatory at Pontiac, Illinois. Thereafter, on October 25, 1932, by means of proceedings that were subsequently held not to comply with the law relator was transferred from the said Illinois State Reformatory to the Southern Illinois Penitentiary· at Menard, Illinois. Thereafter several other transfers of relator to various branches of the Illinois State Penitentiary were made and finally on August 26, 1943 he was again transferred to the Menard Branch of the Illinois State Penitentiary. On June 26, 1944 he filed in the Circuit Court of Randolph County a petition for a writ of habeas corpus against Walter Niertsheimer, Warden of said Illinois State Penitentiary, Menard Branch. A writ of habeas corpus was issued and after a hearing relator was discharged from the custody of said warden because said petitioner had been, as the court found, unlawfully transferred from the Illinois State Reformatory at Pontiac to the Illinois State Penitentiary, Menard Branch, Menard, Illinois, and for that reason was being detained by the said Warden without warrant of law. Upon his release by virtue of said order the Warden of the Illinois State Penitentiary, Pontiac Branch

(formerly the Illinois State Reformatory at Pontiac) seized relator and returned him to that institution for the reason that he had not served the maximum sentence imposed upon him by the Circuit Court of Lawrence County. Thereafter relator filed in the Livingston County, Illinois, Circuit Court, being the county in which he was then being detained, a petition for writ of habeas corpus against A. A. Bennett, Warden of the Illinois State Penitentiary, Pontiac Branch, as respondent, and on September 15, 1944, the said writ of habeas corpus having issued, the petitioner was produced in open court and a hearing was had on the merits of the petition. The court found that the petitioner was lawfully held by the respondent and dismissed the petition. Subsequently, following statutory proceedings, relator was on January 6, 1945, by order of the Lawrence County, Illinois, Circuit Court, entered after a hearing at which relator was present with opportunity to testify and present evidence, transferred from the Illinois State Reformatory, Pontiac, Illinois, to the Illinois State Penitentiary, Menard Branch,. Menard, Illinois, where he is now detained in the custody of the respondent. At the time he was seized by the officers of the Illinois State Penitentiary, Pontiac Branch, after his release by order of the Randolph County Circuit Court his sentence had not been fully served and has not yet been fully served.

It would appear from a study of the foregoing statement of facts that the only issue which might involve a question under the Federal Constitution turns upon the right of the State of Illinois under the law of Illinois to seize relator after his discharge upon a writ of habeas corpus by the Randolph County Circuit Court on June 26, 1944 and require him to serve the unexpired portion of his original sentence. If, under the law of Illinois, the right to seize and reimprison him for the aforesaid purpose did exist his detention is not unlawful and infringes no rights under the laws or the Constitution of the United States.

I have arrived at the following conclusions:

■ 1. The State of Illinois had a lawful right to seize relator, after his discharge upon a writ of habeas corpus by the Randolph County Circuit Court and return him to the Illinois State Reformatory, Pontiac, Illinois, to serve the unexpired portion of his sentence of one year to life for armed robbery which had been lawfully imposed by the Lawrence County Circuit Court on June 20, 1929. People ex rel. Barrett v. Dixon, 387 Ill. 420, 56 N.E.2d 816; People ex rel. Kerner v. McKinley, 371 Ill. 190, 20 N.E.2d 498; People ex rel. Cassidy v. McKinley, 372 Ill. 247, 23 N.E.2d 50. The case of People ex rel. Lowe v. Ragen, 387 Ill. 131, 55 N.E.2d 83, upon which relator relies is authority for his release by the Randolph Circuit Court from his then unlawful custody but does not deny the right of the State to require him, after such release, to serve the unexpired portion of his sentence in the institution to which he had been sentenced and committed by due process of law or in any other institution to which he might thereafter be transferred pursuant to law.

■ 2. In view of the fact that relator's sentence has not been fully served the right of the State to require him to serve the unexpired portion of his sentence is governed by the laws of Illinois and no question under the Federal Constitution is presented.

■ 3. Though I have considered the case on its merits it would seem that relator has not fully exhausted his state remedies so as to warrant acceptance of jurisdiction by this court under the rule as explained in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Obviously the Circuit Court of Livingston County decided the same question here presented in the habeas corpus hearing on September 15, 1944. From the denial of relator's petition by that court after a hearing on its merits relator should have sought a review by the United States Supreme Court as that judgment, not being reviewable by a higher state court, was a decision by the highest court of the state in which a decision could be had. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 981. (See note 3 to that opinion and the cases therein cited.) In the foregoing case the court said:

"Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. Ex parte Hawk, supra, 321 U.S. at pages 116, 117, 64 S Ct. 449, 88 L.Ed. 572.

"If this court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. at page 118, 64 S.Ct. 450, 88 L.Ed. 572."

Twice since his re-incarceration following his release by order of the Randolph County Circuit Court has relator been permitted by the Illinois Supreme Court to file a petition for a writ of habeas corpus as a poor person in that court and both petitions were denied on their merits. Presumably each petition in that court was grounded on records and no question of fact was presented. Presumably he presented to that court the same grounds he relies upon here. To exhaust his state remedies he should have sought a review of the decisions of that court by the United States Supreme Court. White v. Ragen, supra; Ex parte Hawk, supra.

Nevertheless, having accepted jurisdiction of the case on its merits by issuing the show cause order, I will dispose of it on the merits. For reasons heretofore indicated I am of opinion that relator's petition and amended petition when supplemented by his answer to respondent's return fails to show lawful grounds for the issuance of a writ of habeas corpus. Wherefore, the rule to show cause is discharged, the issuance of a writ is denied and the petition, as amended, is dismissed for lack of merit.