## UNITED STATES ex rel. HERNDON v. NIERSTHEIMER, Warden.

### No. 8910.

Circuit Court of Appeals, Seventh Circuit.

Dec. 6, 1945.

Thomas Herndon, in pro. per.

George F. Barrett, Atty. Gen., of Illinois (Edward Wolfe, First Asst. Atty. Gen., of counsel), for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal, in forma pauperis, is from a denial by the District Court, of a writ of habeas corpus. Petitioner has prepared his own appeal and for that reason we have felt it necessary to study the case not only as presented by him, but also take the added precaution of seeing if any possible ground for granting the writ was overlooked.

Petitioner is in the state penitentiary, pursuant to a state court judgment, on a plea of guilty, for armed robbery, under a sentence of a year to life.

He raises a narrow legal question. He challenges the right of the State to take him into custody upon his release by a state court habeas corpus writ, granted because of an illegal transfer from a reformatory to a penitentiary, and immediately reincarcerating him in a reformatory (from which he has since been transferred). He relies on the case of People ex rel. Lowe v. Ragen, 387 Ill. 131, 55 N.E. 2d 83. That case simply granted habeas corpus to one illegally transferred from one prison to another. It adjudicates nothing as to the effect of such discharge.

■ The trial judge (Judge Fred L. Wham) wrote an exhaustive memorandum which he filed in this case. 63 F.Supp. 594. It is an excellent opinion which we adopt in its entirety. He based his denial of petitioner's application on a failure to exhaust state remedies, by failure to apply for certiorari from two denials of habeas corpus by the Illinois Supreme Court, and one of such denials by the Circuit Court of Livingston County, Illinois.

■ We add, as an additional basis for denial, the Illinois Statute, Chapter 65, Par. 26, which provides:

"No person who has been discharged by order of the court * * * on a habeas corpus, shall be again imprisoned, restrained or kept in custody for the same cause * * *. The following shall not be deemed to be the same cause: * * * 3. Generally, whenever the discharge has been ordered on account of the nonobservance of any of the forms required by law, the party may be a second time imprisoned if the cause be legal and the forms required by law observed."

The judgment is affirmed.