**NOLAN v. PARKER, Warden.**

No. 4145.

District Court, W. D. Missouri, W. D.

May 23, 1946.

Walter E. Nolan in pro per.

No appearance for defendant.

REEVES, District Judge.

The petitioner is confined in Missouri State Penitentiary upon judgment and sentence of a state court. It is averred by him that his Constitutional rights have been violated in the particular that he was not awarded a speedy trial as contemplated by law. Other grounds are specified, but this is the principal one. It appears from his complaint, however, that all the questions raised by him were presented on appeal from his conviction to the Supreme Court of Missouri. State v. Nolan, 171 S.W.2d 653. It also appears from his complaint that the questions were again in the Supreme Court of Missouri on an application for a writ of habeas corpus.

■ While he asserts that federal questions were interposed, both in his appeal from his conviction and in his application for writ of habeas corpus, yet on adverse rulings in both cases he did not seek review of the federal question or questions raised by him in the Supreme Court of the United States. That was essential to justify the assumption of jurisdiction by this court. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, Warden, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; U. S. ex rel. Herndon v. Nierstheimer, 7 Cir., 152 F.2d 453. See also People ex rel. Herndon v. Nierstheimer, D.C., 63 F.Supp. 594. The last mentioned opinion was

adopted by the Court of Appeals, in United States ex rel. Herndon v. Nierstheimer, supra.

2. Moreover, the use of the writ of habeas corpus only extends to those exceptional cases where conviction has been had in disregard of Constitutional rights of the accused and where the writ is the only effective means of preserving his rights. Jones v. Huff, App.D.C., 152 F.2d 14.

It follows that the writ of habeas corpus should not be issued and the application therefor should be dismissed, and it will be so ordered.