THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSARIO DI MAGGIO, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Appeal from an order of the Supreme Court, Washington County, dismissing a writ of habeas corpus. The appellant was convicted on January 28, 1947, in the Court of General Sessions of New York County of the misdemeanor of unlawfully possessing a narcotic drug, upon his plea of guilty. While awaiting sentence on this charge, he was indicted in the same court for attempted grand larceny in the second degree and he was convicted of this crime on June 1, 1949, upon his plea of guilty. On June 3, 1949, he was sentenced for an indeterminate term to the New York City Penitentiary on the misdemeanor conviction. Shortly thereafter on June 17, 1949, while he was serving his sentence in the penitentiary, he was sentenced to serve a term of from two to four years in State prison on the attempted grand larceny conviction. The defendant remained in the penitentiary until January 30, 1951, when he was

released from the penitentiary and taken to Sing Sing Prison to begin his second sentence of two to four years. The appellant contends that, in the absence of any statement of the sentencing court to the contrary, the two sentences must be deemed to have run concurrently. This contention finds support in the common-law rule, stated in the case relied upon by the appellant, that " Ordinarily, two or more sentences run concurrently, in the absence of specific provisions in the judgment to the contrary " (*People ex rel. De Santis* v. *Warden City Penitentiary,* 176 Misc. 844, 845, affd. 262 App. Div. 1003; see, also, *People ex rel. Gerbino* v. *Ashworth,* 267 App. Div. 579). But this rule has been superseded in certain specific situations set forth in subdivisions 1 and 2 of section 2190 of the Penal Law (*People* v. *Ingber,* 248 N. Y. 302). This case falls within the letter of subdivision 1 of section 2190. The appellant has been convicted of two offenses " before sentence had been pronounced upon him for either offense "; therefore the sentence upon the second conviction " must commence at the termination of the first or other prior term ". Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post,* p. 998.]