THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD JOHNSON, Respondent, against WALTER B. MARTIN, as Warden of Attica State Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, March 17, 1954.

*Nathaniel L. Goldstein, Attorney-General (J. Bruce Mac-Donald, Wendell P. Brown, Herman N. Harcourt* and *Manuel T. Muccia* of counsel), for appellant.

*Hayden H. Dadd, amicus curiæ.*

No appearance for relator.

KIMBALL, J. The People have appealed from an order of the Wyoming County Court which sustained the relator's writ of habeas corpus and discharged him from the custody of the Warden of Attica State Prison. On May 27, 1947, the relator, then twenty years of age, upon his plea of guilty to the crime of burglary, third degree, was sentenced in the County Court of Yates County in the following manner:

"Ordered and Adjudged by the Court, that the said Gerald Rufus Johnson for the (felony) be committed to the Reception Center of the Department of Correction at Elmira, New York, for classification and confinement pursuant to Article 3-A of the Correction Law."

The records of the Department of Correction show that relator was received by the Reception Center on May 28, 1947; transferred to Elmira Reformatory August 8, 1947; paroled August 30, 1948; declared delinquent and returned to Elmira, November

24, 1948; transferred to Woodbourne, March 1, 1949; reparoled December 21, 1950; declared delinquent and returned to Attica State Prison July 31, 1951. He was held at Attica when he petitioned for the writ on January 23, 1953. It was relator's contention that under the commitment of the Yates County Court, dated May 27, 1947, his term of imprisonment was for a maximum of five years pursuant to section 288 of the Correction Law and that his term had expired. The position of the State is that, no maximum having been fixed by the sentencing court upon sentence, the relator could be held in custody for the maximum time provided by law as punishment for burglary, third degree, which maximum is ten years. (Penal Law, § 407.)

We agree with the disposition made of the matter by the Wyoming County Court but do not adopt all the reasons therefor embodied in the court's decision. It was there said that the sentence imposed was a proper one and intimates that had the reception center in 1947 certified the relator to a State prison instead of to Elmira Reformatory, the State's computation of the maximum sentence of ten years would have been proper. The court held that having been certified to Elmira Reformatory, however, the relator's maximum sentence was governed by section 288 of the Correction Law and such maximum was five years. So far as the instant case is concerned, the amendment to section 1931 of the Penal Law in 1949 is a complete answer to the State's position. In cases where the sentencing court failed to fix minimum and maximum limits by its sentence, the question apparently arose in the Department of Correction as to what the maximum would be. In 1946 the Attorney-General rendered an opinion (1946 Atty. Gen. 207). He stated (p. 208): "It is my opinion that a sentence in which no maximum or minimum is imposed by the court is an indefinite sentence, the type of sentence appropriately imposed heretofore upon commitment of prisoners to the New York State Vocational Institution and Elmira Reformatory, and in such a connection might popularly be designated a ' reformatory sentence '."

Thereafter, the Legislature met the problem by amending said section 1931 of the Penal Law effective April 5, 1949. The section provides: " Whenever in this chapter the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence, within such limits as may be prescribed by this chapter, except that the term of imprisonment of a person committed to the department

of correction reception center, whose punishment is not determined by such court as hereinbefore provided, shall be terminated by the board of parole in the executive department in the same manner as though such person had been sentenced to imprisonment for a term governed as to length by the provisions of article twelve of the correction law.''

This relator, being twenty years of age when convicted, had to be dealt with in accordance with article 3-A of the Correction Law. The sentencing court could not have directed his confinement in any particular penal institution. The place of his imprisonment was within the discretion and subject to the order of the Commissioner of Correction. The punishment of the relator had not been determined by the sentencing court. By legislative mandate, therefore, his term of imprisonment was terminated at the expiration of five years. It was immaterial whether the reception center had originally certified him to Elmira Reformatory, Attica State Prison or other penal institution. It was likewise of no moment that he happened to be confined in Attica when his five-year term expired.

We feel that we have said all that is necessary and perhaps should say no more. However, it may not be amiss to call attention to the fact that article 3-A of the Correction Law relates solely to the *place* of confinement. It has nothing whatsoever to do with the punishment. The passing of sentence upon one convicted of a crime as well as the suspension of sentence is the sole prerogative and duty of the court. The judge must fix the punishment and the limits thereof within the bounds which the Legislature has provided for the crime. The Commissioner of Correction by himself or acting through his agents has no authority to sentence a prisoner nor to fix the limits of his confinement. This is distinctly recognized in the appellant's brief. We need only to cite section 482 of the Code of Criminal Procedure and section 1931 of the Penal Law. The Legislature made it plain that enactment of article 3-A should not restrict or impair the power of the court to pronounce sentence in cases subject to the article; to fix the term of imprisonment and to order commitment according to law; '' nor to deny the right of any such court or judge or justice to sentence to imprisonment for an indefinite term governed as to length by the provisions either of article twelve or of article 13-a regulating, respectively, the term of imprisonment in Elmira reformatory and the New York state vocational institution ''. (Correction Law, § 61, par. 2.)

The cause of the difficulty seems to have been a misconception by sentencing courts as to the meaning and intent of article 3-A. A prisoner is not " sentenced " to the reception center. He is merely " committed " there for classification. His commitment to the center does not make him a permanent inmate thereof. It is merely a temporary confinement. (Correction Law, § 61, par. 3.) The first paragraph of section 61 recognizes and provides for two duties on the part of the sentencing court or judge. The first is a sentence and the second is a commitment to the reception center for classification and confinement. The paragraph referred to reads in part: " shall notwithstanding any inconsistent provision of law, be *sentenced to imprisonment* in an institution under the jurisdiction of the department of correction without designating the name of such institution, and *be committed* to the department reception center for classification and confinement as provided in this article." (Emphasis supplied.)

In the instant case, for anything that appears in the record, no judgment or sentence was passed by the court upon the relator. The relator was " committed " to the reception center but was never " sentenced to imprisonment ". By reason of the above-mentioned amendment of section 1931 of the Penal Law, we are not called upon, in this case, to say whether habeas corpus would lie prior to the expiration of five years under a mere commitment to the reception center and in the absence of a sentence to imprisonment.

All concur. Present — VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order affirmed, without costs of this appeal to either party.