Carroll M. Roberts, J.
Relator claims that he was improperly sentenced on March 12, 1951 under article 3-A of the Correction Law.
At the date of sentence subdivision 1 of section 61 of the Correction Law, as amended by chapter 198 of the Laws of 1947, provided as follows: “ 1. Any male offender between the ages of sixteen and twenty-one years, convicted on or after November first, nineteen hundred forty-five, of an offense punishable by imprisonment in a state institution under the jurisdiction of the department, or adjudged to be a wayward minor or youthful offender and punishable in like manner, and sentenced to imprisonment, except an offender sentenced to death, shall notwithstanding any inconsistent provision of law, be sentenced to imprisonment in an institution under the jurisdiction of the department of correction without designating the name of such institution, and be committed to the department reception center for classification and confinement as provided in this article. ’ ’
The sentence of the court as it appears in the stenographer’s minutes was as follows: ‘1 The defendant Mingo, who although younger, is more vicious, is sentenced to a term of fifteen to thirty years in Elmira Reception Center.” The relator claims that such a sentence to a designated institution was improper. (Correction Law, § 61, subd. 1, as amd. by L. 1947, ch. 198; People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713.) The respondent relies on the certified copy of the judgment of conviction which shows that relator was sentenced to a term of 15 to 30 years without designating the name of the institution and was ordered “ sent to the reception center of the Department of Correction at Elmira for classification and confinement pursuant to Article 3-A of the Correction Law”, which form of sentence was proper.
It is unnecessary here to determine whether the stenographer’s minutes or the certified copy of the judgment of convic *714 tion correctly reflect the sentence which was imposed. In either event the sentence imposed was improper because the relator by reason of his age did not come under the provision of the Correction Law. The stenographer’s minutes show that on January 18, 1951, prior to the date of sentence, the relator was before the court, represented by counsel, and was then questioned as follows: “ By the court: (To Mingo) Q. How old are you? A. Twenty-one.” The certificate of the clerk also shows that on the ‘date of sentence the relator was examined on oath by the court before judgment was pronounced and he there gave his name as Herman Mingo and his age as 21 years.
The Correction Law, then as now, applied only to those “ between the ages of sixteen and twenty-one years ”. (Correction Law, § 61, subd. 1, as amd. by L. 1947, ch. 198.) The statute mean just what it said. It meant between the sixteenth and twenty-first birthdays and did not apply to one who had reached or passed his twenty-first birthday. (People v. Schneider, 276 App. Div. 781; 1955 Atty. Gen. 192.)
The writ is sustained and the matter remitted to Kings County Court for further proceedings upon relator’s plea of guilty.