George P. Stier, J.
This is a motion by the defendant to be resentenced as a first felony offender. Defendant alleges that his prior New York conviction does not constitute a second offense because he was sentenced thereon to the Elmira Reception Center.
The defendant relies on People v. Askew (3 A D 2d 984). In that case the court stated: “ After the jury returned a verdict of guilty of attempted burglary in the third degree, defendant was sent to Elmira Reception Center for ‘ classification and confinement. ’ This does not constitute a ‘ sentence. ’ (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713.) This being so, there is no proper judgment of conviction against this *474 defendant and, therefore, no appeal lies to this court. This appeal must be dismissed. We obviously may not pass upon the merits of this appeal. That can only be done after a proper judgment of conviction and a new appeal, if taken. All concur. ’ ’
Based upon this decision, the defendant contends that his sentence in Queens County Court as a second offender based upon his prior conviction in New York County was improper and that he should be returned to this court for resentence as a first offender.
However, the authority upon which the defendant bases his application for relief is not the law. A year after the case of People v. Askew (supra) was decided, the same court said in People ex rel. Rapacki v. Martin (6 A D 2d 757, affd. 5 N Y 2d 899) the following concerning the prior decision in People v. Askew (supra): “ Order reversed upon the law, writ of habeas corpus dismissed, and relator remanded to the custody of the Warden of Attica Prison. Memorandum: The sentence imposed in this case was correct. The dismissal of the appeal in People v. Askew (3 A D 2d 984) was subsequently vacated and motion for reargument granted (4 A D 2d 853). Thereafter the judgment of conviction was reversed upon other grounds (5 A D 2d 756). Upon reconsideration so much of our decision in 3 A D 2d 984, as stated that the punishment there imposed ‘ does not constitute a 1 ‘ sentence ” ’ is withdrawn. All concur. ’ ’
This defendant was properly sentenced as a second offender based upon the prior conviction in New York County. (People ex rel. Leventis v. Jackson, 8 A D 2d 559.) Motion is denied.
Order entered accordingly.
The District Attorney is requested to serve a copy of the decision and order upon the defendant at his place of incarceration.