Walter E. NOLAN, Appellant,

v.

Elbert V. NASH, Warden, Missouri State Penitentiary, Appellee.

No. 17183.

United States Court of Appeals Eighth Circuit.

May 8, 1963.

Rehearing Denied May 23, 1963.

Walter E. Nolan, pro se.

Thomas F. Eagleton, Atty. Gen., of the State of Missouri and Howard L. McFadden, Asst. Atty. Gen., of the State of Missouri filed typewritten brief for appellee.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

This is an appeal from an order of the District Court denying appellant's application for a writ of habeas corpus. The District Court denied appellant's application for a certificate of probable cause pursuant to 28 U.S.C. § 2253, for the reason that the appeal was "without merit, and, therefore, frivolous." This Court ordered that appellant's application for said certificate of probable cause be granted upon the ground "that probable cause exists for permitting an appeal to be taken on the question whether the trial court should have disposed of the application for a writ without holding a hearing, or without at least requiring appellee to file a response thereto, on the issue whether in the situation alleged the circumstances of the review and affirmance made of appellant's conviction were such as to have satisfied due process." Docketing of the appeal without payment of the fee was permitted and the parties were authorized to file typewritten briefs.

After examining the original record and typewritten briefs this Court affirms the holding of the District Court that the appeal is without merit. The District Court properly denied the application for a writ of habeas corpus without holding a hearing.

Appellant is confined in the Missouri State Penitentiary by virtue of a sentence from the Circuit Court of St. Louis City, rendered April 24, 1942, after a verdict of guilty by a jury on the charge

of robbery in the first degree by means of a dangerous and deadly weapon. This judgment was affirmed by the Supreme Court of Missouri in State of Missouri v. Nolan, 171 S.W.2d 653 (Mo.1943). In 1946 appellant made application for a writ of habeas corpus which was denied because appellant had failed to exhaust his state remedies. Nolan v. Parker, 66 F.Supp. 594 (W.D.Mo.1946). Appellant brought habeas corpus proceedings in the Missouri Supreme Court which was denied on March 13, 1961. Appellant applied for certiorari from this adverse decision to the Supreme Court of the United States which was denied March 19, 1962. Appellant then filed the petition for writ of habeas corpus which was denied by the District Court and which denial is now appealed from.

We apply the teachings of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) in determining whether the District Court should have held a hearing on appellant's petition. In substance appellant contends he was deprived of his right to counsel at a preliminary hearing which was not held because without counsel he could not conduct the same. Appellant plead not guilty and was represented by two attorneys at his trial, and in his brief herein appellant states he has no complaint of their efforts in his behalf, in fact he believes they should be commended. Appellant further complains because counsel was not assigned to conduct his appeal. However, the motion for new trial was prepared by his counsel and the same points raised therein were considered by the Supreme Court of Missouri on appeal. State of Missouri v. Nolan, supra. Under all the circumstances appellant was furnished with adequate counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Appellant further complains of the delay in bringing his case to trial.[1]

This matter was raised by his counsel by motion before trial and the motion was overruled by the trial court. The Supreme Court of Missouri likewise reviewed this matter. State v. Nolan, supra. Appellant also complains that the state attempted to coerce him into pleading guilty. It has already been noted that appellant did not plead guilty but was tried by a jury and convicted.

It is clear no hearing was necessary on the issues raised in appellant's petition. The issues of fact tendered by the appellant herein were decided by the trial court and reviewed by the Supreme Court of Missouri. The record fully supports their determinations. The District Court properly denied appellant's petition for writ of habeas corpus.

---

1. Appellant escaped from custody October 8, 1929 and while an escapee was apprehended and tried in Illinois on an armed robbery charge. After release from Illinois custody he was tried and sentenced on the instant charge in 1942.