J. Irwin Shapiro, J.
This is an application, <pro se, by the defendant, Rodney Howard Wallace, to be resentenced. On January 16, 1961 he pleaded guilty before me to the crime of burglary in the second degree.
On February 24, 1961, the defendant was sentenced in the then Court of General Sessions of the County of New York to the Elmira Reception Center for an “ indefinite term ” for an unrelated felony committed in New York County.
On March 28, 1961, the defendant, while serving this initial term [imposed by former Court of General Sessions on February 24,1961] was sentenced by me on the Queens County conviction ‘ ‘ to the Elmira Reception Center under the rules and *113 regulations of that Institution, this term to commence on the expiration of the term which he is now serving there, with a recommendation to the authorities there to take into consideration the fact that this Court would have given a concurrent sentence if he thought he had the power to do so.” (Emphasis supplied.)
The defendant contends ‘6 that a commitment under Art. 3-A, Correction Law, is a reformative determination that is corrective rather than punitive in purpose. That the imposition of consecutive commitments contemplates an inconsistency in the law which effectively defeats the spirit and design of the Article ”, and “ that such a commitment is not a sentence within the meaning of section 2190 of the Penal Law and should not be governed thereby ”.
Insofar as material section 2190 of the Penal Law provides: “ 1. Where a person is convicted of two or more offenses before sentence has been pronounced upon him for either offense, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced.”
This subdivision comes into play “ where a person has been convicted of two or more offenses before sentence has been pronounced upon him for either offense The defendant was first sentenced on February 24, 1961. The crime encompassing that sentence must necessarily have been committed prior to that date, and the plea before me on January 16, 1961 necessarily encompassed a crime committed before that date. Hence the situation here falls directly within the scope of the quoted statute for the defendant was convicted of both crimes here involved before sentence was pronounced upon him for either offense (People v. Di Maggio, 282 App. Div. 991, affd. 307 N. Y. 644).
I recognized that fact at the time of sentence, and it was by reason thereof that I made clear my desire to impose a sentence concurrent with that imposed in New York County and my statutory helplessness to do so. The defendant was therefore sentenced by me to an indefinite reformatory term to the Reception Center at Elmira in the manner provided by statute (Penal Law, § 2184-a; Correction Law, § 288; Correction Law, art 3-A; 1946 Atty. Gen. 207).
Subdivision 2 of section 61 of article 3-A of the Correction Law gives the sentencing Judge the right to impose an indefinite sentence “ in the same manner as though such person had been sentenced to imprisonment for a term governed as to length *114 by the provisions of section twenty-one hundred eighty-four-a of the penal law.” Section 2184-a of the Penal Law provides in pertinent part that: “ The term of imprisonment of any person sentenced hereunder shall be known as a reformatory term, and shall be terminated by the board of parole in the executive department, but in the case of any person convicted of a felony, such term shall not exceed five years ”.
In the instant matter, this court sentenced the defendant to serve an “indefinite reformatory term” which perforce the statute, was limited to a maximum of five years. The Board of Parole could, of course, terminate the sentence at any time prior to such five-year period.
Thus, the imposition by this court of a second, or subsequent, indefinite term in no way limited the Parole Board’s statutory discretion to terminate the first, and thereafter the second, indefinite sentence at any time it sought fit to do so. The only limitation on the power of the Parole Board in this, and similar cases, is that it may not incarcerate a defendant for a period exceeding five years on each respective sentence (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713).
If an inmate reveals himself undeserving of an early termination of his sentence, there is nothing improper in the Parole Board refusing to exercise its discretion in that regard even if it requires him to serve two consecutive five-year terms.
The imposition of a reformatory sentence is in a sense the bestowing by a sentencing court upon a prisoner, of trust, which if found deserving, will result in an early return to society. He does not, however, have a vested right to early termination of his sentence and should he fail to respond to the remedial benefits of the rehabilitory program he may be detained within the maximum limits of his sentence or sentences.
Not to be confused, with the situation presented in the instant case, is the rationale found in those cases dealing with the obvious inconsistency of imposing a “ reformatory term ” upon a prisoner who at the very time of sentence is judicially determined to be “incorrigible” (see People ex rel. Kern v. Silberglitt, 4 N Y 2d 59, affg. 3 A D 2d 996; People v. Gross, 5 N Y 2d 131); nor should this case be confused with the question presented to this court in the Matter of Browne v. New York State Bd. of Parole (25 Misc 2d 1050, affd. 12 A D 2d 800, revd. 10 N Y 2d 116) dealing with the question of the “ so-called presumption of concurrence ”. In that case the Court of Appeals said (p. 120): “ in cases not falling within the scope of section 2190 of the Penal Law, the discretionary power of the *115 court to impose a cumulative rather than a concurrent sentence ‘ remains, undiminished, as it was at common law”’ citing People v. Ingber (248 N. Y. 302, 304-305).
In view of my conclusion it is not necessary to determine whether, in any event, the defendant not having appealed from the sentence imposed upon him may now attack it in the method here attempted (People ex rel. Kern v. Silberglitt, 4 N Y 2d 59, affg. 3 A D 2d 996, supra; People v. Gross, 5 N Y 2d 131, 133, supra).
It should be noted that the mandatory nature of the statute (Penal Law, § 2190, subd. 1) which compelled me to impose a consecutive sentence on the defendant, in spite of my desire to impose a concurrent sentence, has been modified, effective September 1, 1967 by the Revised Penal Law (art. 75, § 75.10, subd. 2, par. [a]) which reads as follows: “When more than one reformatory sentence of imprisonment is imposed on a young adult [a young adult is a person who is more than sixteen and less than twenty one years old, see § 75.00] at the same time, or when a young adult who is subject to a reformatory sentence imposed at a previous time receives an additional reformatory sentence, the periods of sentence shall run concurrently ”. (Emphasis supplied.)
The defendant’s application is in all respects denied and the Clerk of this court is directed to forward a copy of this memorandum and the short-form order entered hereon to the defendant at his present place of abode.