The PEOPLE OF the STATE OF NEW YORK ex rel. William G. MEYERS, Petitioner,

v.

Harold FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.

No. 66 Civ. 284.

United States District Court
S. D. New York.

June 2, 1966.

William G. Meyers, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Iris Steel, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, currently confined in Green Haven state prison pursuant to a judgment of conviction entered upon his plea of guilty to attempted grand larceny in the second degree, seeks his release on habeas corpus. His sole contention is

that the imposition on him of a reformatory sentence pursuant to Article 3–A of New York's Correction Law, McKinney's Consol.Laws, c. 43, and his subsequent transfer to and incarceration in a penal institution, where he allegedly has not received the benefit of the rehabilitation programs contemplated by Article 3–A, is violative of the due process and equal protection clauses of the Fourteenth Amendment. He argues that, as a result of his being sentenced under Article 3–A, his detention may be for a maximum of five years and can be terminated at an earlier time only in the discretion of the New York State Board of Parole,[1] whereas the maximum term to which he could have been sentenced under the Penal Law was two and one-half years,[2] less good time earned.[3]

Whether sentence was to be imposed under the one law or the other was in the sole discretion of the sentencing court.[4] The fact that the period of confinement pursuant to a sentence under Article 3–A may turn out to be greater than the maximum sentence provided for the offense in the Penal Law does not give rise to a violation of either the due process [5] or the equal protection clause,[6] the theory being that the possible additional detention for the purpose of rehabilitation cannot be equated with incarceration in an ordinary prison. And petitioner's claim that his subsequent transfer to and incarceration in a penal institution deprived him of the rehabilitative treatment contemplated by Article 3–A is not a claim of constitutional dimension.[7] A person convicted of a crime has no vested right to demand from the state one type of corrective process as against another so long as the federal constitutional requirement against cruel and unusual punishment is observed. Under Article 3–A, which applies to all males between the ages of 16 and 21,[8] rehabilitative treatment is undertaken in the hope that the prisoner will be responsive thereto; if not, he is transferred to another type of institution. Such a program offends no federal constitutional requirement.

Petitioner's final claim—that under Article 3–A the executive usurps the power of the judiciary to fix sentence—is also without merit. His sentence was fixed by the court, which had the power to fix a straight term under the Penal Law [9] but which, by declining to fix such a term, sentenced him to a reformatory term of up to five years.[10]

1. See N.Y.Penal Law, McKinney's Consol. Laws, c. 40, § 2184–a, which is made applicable to a sentence under Article 3–A by N.Y.Correction Law, § 61(2).

2. The maximum permissible sentence upon conviction of grand larceny in the second degree is five years. N.Y.Penal Law, § 1297. An attempt to commit a crime, other than one punishable by death or imprisonment for life, is punishable by imprisonment for not more than half the longest term prescribed upon conviction of the completed offense. N.Y.Penal Law, § 261.

3. See N.Y.Correction Law, § 230(2).

4. See N.Y.Correction Law, § 64; People ex rel. Johnson v. Martin, 283 App.Div. 478, 128 N.Y.S.2d 690, 692–93 (4th Dep't), aff'd, 307 N.Y. 713, 121 N.E.2d 538 (1954).

5. Cf. Eller v. United States, 327 F.2d 639 (9th Cir. 1964); Rogers v. United States, 326 F.2d 56, 57 (10th Cir. 1963); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283, 285 (1962).

6. Cf. Cunningham v. United States, 256 F.2d 467, 472–473 (5th Cir. 1958); People of City of New York ex rel. Thompson v. Noble, 231 F.Supp. 188, 189–190 (S.D. N.Y.1964).

7. See Kemmerer v. Benson, 165 F.2d 702, 703 (6th Cir.), cert. denied, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772 (1948); United States ex rel. Herndon v. Nierstheimer, 152 F.2d 453 (7th Cir.), affirming 63 F.Supp. 594, 595 (E.D.Ill.1945). Cf. People of City of New York ex rel. Thompson v. Noble, 231 F.Supp. 188, 190 (S.D.N.Y.1964).

8. See N.Y.Correction Law, § 61(1).

9. See N.Y.Correction Law, § 64; People ex rel. Johnson v. Martin, 282 App.Div. 478, 128 N.Y.S.2d 690, 692 (4th Dep't), aff'd, 307 N.Y. 713, 121 N.E.2d 538 (1954).

10. See N.Y.Correction Law, § 61(2).

The only matter left for determination of the executive was the place of service of sentence—a determination normally made by the executive.[11]

Accordingly, the petition is dismissed.

11. See, e. g., 18 U.S.C. § 4082(b); N.Y. Correction Law § 6–a; Mullican v. United States, 252 F.2d 398, 403 (5th Cir. 1958);

People v. Collins, 200 N.Y.S.2d 919 (County Ct.1960).