Coffield v. State.

---

W. C. COFFIELD v. STATE OF NEBRASKA.

FILED APRIL 4, 1895.   No. 6853.

1. **Criminal Law**: PRELIMINARY EXAMINATION: WAIVER.   A defendant, unless a fugitive from justice, is entitled to a preliminary examination before he can be placed upon trial in a

31

prosecution by information, unless he waives such examination,. which he may do either when brought before the examining magistrate, or when called upon to plead to the information in the district court.

2. ———: ———: OBJECTION AFTER VERDICT. It is too late after verdict to raise the objection that a preliminary examination has not been had for the crime charged in the information.

3. ———: ———: OBJECTION TO TRIAL. Such objection must be raised before going to trial by motion to quash the information or by plea in abatement,

4. Adoption of Foreign Statute and Construction. Where the legislature adopts the statute of another state, the judicial construction which it has already received in such state is also adopted.

5. Information Without Preliminary Examination: JU-RISDICTION. Fourth point of the syllabus of *White v. State*, 28 Neb., 341, overruled.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*Estelle & Hoeppner,* for plaintiff in error :

Plaintiff in error having had a preliminary examination on a complaint charging the forgery of one instrument, the filing of an information by the county attorney charging the forgery of another instrument was without jurisdiction and void. ( *White v. State,* 28 Neb., 341.)

*A. S. Churchill, Attorney General,* for the state :

An immaterial variance should be disregarded. (*Moore v. State,* 20 Tex. App., 233; *Johnston Harvester Co. v. Clark,* 30 Minn., 308; *Kopplekom v. Huffman,* 12 Neb., 99; *Began v. O'Reilly,* 32 Cal., 11; *Plate v. Vega,* 31 Cal., 383; *Hedrick v. Osborne,* 99 Ind., 143.)

NORVAL, C. J.

·An information was filed in the court below containing two counts, one charging the plaintiff in error with the

forgery of a draft and the other with the uttering and pub-lishing of the same instrument.    To the information a plea of not guilty was entered by the accused, whereupon he was tried and convicted under both counts.

But one ground is urged in this court for a reversal of the judgment, and that is the prisoner has not had a pre-liminary examination for the offenses charged in the infor-mation.    The record shows, and it is conceded by counsel for the plaintiff in error, that a complaint under oath was made before a magistrate charging the accused with having forged and uttered a certain bank draft, and that a prelimi-nary examination was duly had before such magistrate prior to the filing of the information in the district court. It is insisted, however, that the draft set out in the com-plaint and the one set forth in the information are different instruments.    The following is a copy of the draft con-tained in the complaint:

"No. 34872.        FT. SCOTT, KANSAS, Nov. 13, '93.

"Chase National Bank of New York, pay to the order of W. C. Coffield (1800.00) eighteen hundred dollars.

"STATE BANK OF FT. SCOTT,
"JAS. R. COLEAN, *Cashier.*"

The instrument set forth in the information under which the conviction was had is in the words and figures follow-ing:

"FORT SCOTT, KANSAS, Nov. 13, 1893.    No. 34872.

"The State Bank of Fort Scott, pay to the order of W. C. Coffield ($1800.00) eighteen hundred dollars.

"To Chase National Bank, New York.

"JAMES R. COLEAN, *Cashier.*"

A comparison will disclose that the complaint and infor-mation described and set forth substantially the same of-fense.    In the complaint the "No. 34872" appears upon the upper left-hand corner of the draft, while the same number is on the right-hand corner of the instrument

copied into the information. The words "State Bank of Ft. Scott" are immediately above the signature of the cashier on the draft as copied into the complaint, while they appear on the second line from the top of the instrument set out in the information. Again, the words "Chase National Bank of New York" are on the second line of the draft alleged in the complaint to be forged, and the words "To Chase National Bank New York" appear in the copy of the instrument in the information just above the name of the cashier. The variances above indicated are insufficient to show that a different crime is alleged in the information from that for which the preliminary examination was had. Both before the magistrate and in the district court the plaintiff in error was charged with the forging and uttering of the same obligation. The instrument set out in the information bears the same date, is for a like amount, purporting to have been drawn by the same individual as cashier and upon the same bank as the one copied into the complaint. The purport and effect of each is identically the same, notwithstanding the slight and immaterial variance alluded to. In no proper sense is a preliminary examination before a magistrate a trial, and the rules which govern in respect to the fraud and construction of criminal pleadings are not applicable to such proceedings. The objection that plaintiff in error has not had a preliminary examination for the matters averred in the information is not well taken.

For another reason a reversal cannot be had upon the ground urged. No complaint was made in the trial court that a preliminary examination was not had, until after verdict, the objection being first presented in the motion for a new trial and then by a motion in arrest of judgment. This was too late. It should have been raised before he pleaded not guilty, either by a motion to quash the information or by plea in abatement on the ground that there had been no preliminary examination as required by stat-

ute, and no waiver of the same. (*Cowan v. State,* 22 Neb., 519; *Davis v. State,* 31 Neb., 252.)

Section 585 of the Criminal Code in express terms provides that a preliminary examination may be waived. It is obvious that this may be done either when the defendant is called upon to plead to the information, or when brought before the examining magistrate. The failure to give a prisoner a preliminary examination does not oust the district court of jurisdiction. It is a mere defect in the proceedings which the accused may waive, and he will be deemed to have done so if the objection is not timely made. If there could be any doubt upon the proposition, it is set at rest by section 444 of the Criminal Code, which declares that " the accused shall be taken to have waived all defects which may be excepted to by motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar, or the general issue." We are aware that in *White v. State,* 28 Neb., 341, this court has held that an information filed by the county attorney in the district court without a previous examination for the offense before a magistrate, except the accused is a fugitive from justice, confers no jurisdiction upon the district court, but the doctrine therein laid down is unsound and the case has been practically overruled by later decisions of this court. In *White v. State, supra,* too narrow a construction was placed upon the statute; besides, the provisions of section 444, already quoted, were entirely overlooked. Again, *People v. Chapman,* 62 Mich., 280, was relied upon as a precedent, yet this court overlooked the fact that the objection in the Michigan case, that there had been no preliminary examination and no waiver thereof, was raised by a motion to quash, while in *White v. State* the objection was not taken until after the verdict.

It has been held that defects in the verification of an information are waived unless made before trial. (*Davis v. State,* 31 Neb., 247; *Hodgkins v. State,* 36 Neb., 160; *Bailey v. State,* 36 Neb., 808.) And in the language em-

ployed by Judge Post in his opinion in *Hodgkins v. State*, "The provision for the verification of an information before a magistrate is surely not more imperative than the provision found in section 585 of the Criminal Code, that no information shall be filed against any person, except fugitives from justice, until such person shall have had a preliminary examination as provided by law. Yet it has been repeatedly held that by pleading not guilty, and going to trial on the issue thus formed, the accused waives his right to object on the ground that he has not had a preliminary examination."

The statute of Michigan relating to prosecutions of offenses by information contains this provision: "No information shall be filed against any person, for any offense, until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, unless such person shall waive his right to such examination; *Provided however*, That informations may be filed without such examination against fugitives from justice." (Michigan Laws of 1859, p. 393, sec. 8.) Section 585 of our Criminal Code was copied literally from the statute of the state of Michigan, and that too after it had been construed by the highest tribunal of that state. The precise question first came before the supreme court of Michigan in 1862, in *Washburn v. People*, 10 Mich., 383, in which Christiancy, J., after quoting the statute says: "It is not doubted that a defendant, unless a fugitive from justice (which is not pretended here), has a right to insist upon such examination before he can be put upon his trial, or called upon to answer the information. But the statute is express that he may waive his right; and we think he may waive it when called upon to plead to the information, as well as when brought before the magistrate for examination. It is not a matter which goes to the merits of the trial, but to the regularity of the previous proceedings. If he make no

objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived or now intends to waive it.   If he intends to insist upon the want of the examination, we think he should, by plea in abatement, set up the fact that it has not been had, upon which the prosecuting attorney might take issue, or reply a waiver; or he must upon a proper showing by affidavit, move to quash the information.   The latter is the simpler course."   The same doctrine has been adhered to in *Hicks v. People*, 10 Mich., 395; *People v. Jones*, 24 Mich., 214; *Hamilton v. People*, 29 Mich., 177 ; *People v. Williams*, 53 N. W. Rep. [Mich.], 779.

It is a familiar rule that the legislature by adopting the statute of another state thereby adopts the construction it has already received by the courts of that state.   It follows that where a defendant pleads not guilty to an information and goes to trial without any objection that a preliminary examination has not been had or waived, he will be considered to have waived such examination.   The judgment is

AFFIRMED.