BENJAMIN MEYERS v. STATE OF NEBRASKA.

FILED MARCH 27, 1920. No. 21186.

1. **Criminal Law: PRELIMINARY HEARING.** Under section 9068, Rev. St. 1913, persons accused of crime, except fugitives from justice, are guaranteed the right of preliminary hearing, but this right may be waived.

2. ———: ———: WAIVER. "It is too late after verdict to raise the objection that a preliminary examination has not been had for the crime charged in the information. Such objection must be raised before going to trial by motion to quash the information or by plea in abatement." *Coffield v. State*, 44 Neb. 417.

3. **Information: SURPLUSAGE.** Surplus matter in an information for larceny which describes the manner of entering a building, from which it is alleged the property was stolen, does not necessarily change the character of the charge, or render the information defective.

4. **Larceny:** SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* to support the verdict.

ERROR to the district court for Cuming county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Barnhart & Stewart*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *John B. Barnes, contra.*

MORRISSEY, C. J.

Defendant prosecutes error from a conviction for grand larceny. The first information filed fixed the time of the commission of the crime at an impossible date. Defendant was arraigned and entered a plea of not guilty. A jury was then impanelled and sworn, but before any testimony was offered the county attorney asked and was given leave to file an amended information, in order to allege the true date. The amended information appears to have been filed instanter. Defendant demanded "the statutory 24 hours for examination of the information as amended that he may determine what witnesses are necessary to meet the charge made in the information as now amended." The request was granted. The following day, defendant was duly arraigned on the amended information, and, when asked by the court to plead thereto, stood mute, and the court thereupon entered a plea of not guilty. No motion to quash, plea in bar, or plea in abatement was filed.

It is claimed that the court was without jurisdiction to proceed with the trial without having accorded defendant a preliminary examination on the amended information. Persons accused of crime, except fugitives from justice, are guaranteed the right of preliminary hearing, but this right may be waived. Section 9068, Rev. St. 1913. "It is too late after verdict to raise the objection that a preliminary examination has not been had for the crime charged in the information. Such objection must be raised before going to trial by motion

to quash the information or by plea in abatement." *Coffield v. State,* 44 Neb. 417.

It is claimed that the amended information does not properly lay the venue, nor fix the time of the commission of the larceny. It contains surplus matter to the effect that defendant broke and entered the building where the property stolen was situated. This was unnecessary to sustain the charge of larceny, and may have been inserted with the view of charging both larceny and burglary. But the statement as to the building where the property was stored does not change the character of the information, nor make it defective as wanting in definiteness as to time or place.

By instruction No. 1, given by the court on its own motion, the court, after stating the substance of the information, told the jury: "This information at law charges the defendant with the crime of larceny, but does not charge him with the crime of burglary." This instruction was proper in view of the information filed.

The remaining assignment calling for consideration is the insufficiency of the evidence to sustain the verdict. A review of the evidence will add nothing to the law of the state. It has been examined by the court and found amply sufficient to sustain the verdict. The judgment is

AFFIRMED.

LETTON and DAY, JJ., not sitting.