**Virgil M. RONZZO, Petitioner,**

**v.**

**Maurice SIGLER, Respondent.**

**Civ. A. No. 703L.**

United States District Court
D. Nebraska.

Oct. 2, 1964.

Robert Gibson, Lincoln, Neb., for petitioner.

C. C. Sheldon, Asst. Atty. Gen., State of Nebraska, Lincoln, Neb., for respondent.

VAN PELT, District Judge.

This matter is before the court on a petition for habeas corpus filed in this court by Virgil M. Ronzzo. Counsel has been appointed for petitioner and a hearing was held on September 3, 1964. The matter now stands ready for decision.

Petitioner, an indigent illiterate, is presently serving a term of life imprisonment in the Nebraska Penal and Correctional Complex on a charge of second degree murder. Ronzzo's present claim grows out of alleged procedural infirmities in his conviction on a plea of guilty.

On October 18, 1959 Ronzzo was arrested on charges of first degree murder growing out of the shooting of his wife on that same date. On October 26, 1959 Ronzzo was brought before the County Court of Wheeler County, Nebraska for a preliminary hearing on charges of first degree murder. Witnesses were called on behalf of the State, Ronzzo offered no testimony and Judge Martin determined that probable cause existed to believe that the crime charged had been committed and that the defendant had committed it. Ronzzo was not represented by counsel at this hearing nor was he advised of his right to appointed counsel.

Ronzzo was brought before the District Court of Wheeler County on the 30th day of October, 1959 for appointment of counsel. On November 17th following, the defendant, represented by Harry S. Grimminger of Grand Island, Nebraska, entered a plea of not guilty to the charge of first degree murder and at the same time offered to enter a plea of guilty to the charge of murder in the second degree. The District Court accepted this plea, petitioner was adjudged guilty of second degree murder and was subsequently sentenced to life imprisonment.

As hereinbefore noted, the present application is based on procedural improprieties, in particular the lack of counsel at preliminary hearing. The claim is lodged that the defendant lost his opportunity to cross-examine witnesses, lost possible investigative leads and lost the benefit of testimony unblemished by the lapse of time, the passing of which can so easily cause a lapse in memory as well as mistaken impressions. Thus the question boldly presented is whether the denial of counsel at a probable cause hearing is a denial of procedural due process where a defendant is not required to plead or take any other steps which might affirmatively prejudice his rights.

A preliminary hearing in Nebraska has the functional purpose of determining whether the offense charged has been committed and whether there is probable cause to believe the defendant committed it. Lingo v. Hann, 161 Neb. 67, 71 N.W.2d 716 (1955); Neb. Rev.Stat. Sec. 29–506 (Reissue 1956). "It is in no sense a trial of the person accused." Roberts v. State, 145 Neb. 658, 17 N.W.2d 666 (1945). Thus, this hearing is a procedural safeguard whereby it is assured to all accused of crime that they will not be detained in custody without probable cause existing that the crime charged was committed by them.

The question presented by petitioner has recently been considered in particular detail by courts of the Second and Fourth Circuits. The Second Circuit in

United States ex rel. Cooper v. Reincke, 333 F.2d 608 (1964) decided that the failure to supply a defendant with appointed counsel at a Connecticut probable cause hearing did not deprive him of a fair trial since he pleaded not guilty and at trial had every opportunity to present any defense which was available to him initially. The distinguishing features between the Connecticut probable cause hearing and the Nebraska preliminary hearing are not such as to conclude the Reincke decision inapposite. In fact, under the facts as presented to this court the defendant was not required to enter a plea, and thus no affirmative action was required of him which might possibly prejudice his cause. That is, he was not required to make any decision without the benefit of experienced counsel.

Another decision of significant import is DeToro v. Pepersack, 332 F.2d 341 (4th Cir. 1964) wherein the denial of counsel at a Maryland preliminary hearing was considered. After a review of Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, (1932), Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193 (1963), the court observed:

"Thus, the thrust of Powell's admonition that an accused has a right to counsel 'at every step in the proceedings against him,' as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent."

The likelihood of prejudice in the instant case is also absent, and when counsel was subsequently appointed his effectiveness was in no manner impaired. No defenses were lost nor were any rights waived. The hearing is primarily for the benefit of the accused, insuring him against the possibility of a prosecution on groundless charges. In Ronzzo's case all that occurred was Judge Martin's determination that the charges were not groundless and that statutory authority existed to hold him for trial.

Counsel has urged that the lack of counsel denied Ronzzo his traditional and zealously guarded right of cross-examining the State's witnesses. Again it must be emphasized that a preliminary hearing is for the defendant's protection and that its purpose is not to determine the guilt or innocence of petitioner. In addition, counsel has referred the court to nothing which was lost by the lack of cross-examination. Counsel was appointed four days after the preliminary hearing, and could have instituted other measures to attack the probable cause finding. For example, habeas corpus is available to test the sufficiency of evidence required to hold a person on a criminal charge. Neudeck v. Buettow, 166 Neb. 649, 90 N.W.2d 254 (1958). Nor has the defendant been denied the opportunity to confront the State's witnesses for these persons must be listed on the information and were in this case available to the defendant and his counsel. See Neb. Rev.Stat. Sec. 29–1602 (Reissue 1956). The defendant also had available the discovery devices allowed all criminal defendants. Neb.Rev.Stat. Sec. 29–1904 (Reissue 1956). It is difficult, therefore, to see how this defendant was prejudiced, or how the defense of his cause by subsequent court-appointed counsel was prejudiced, when the only purpose for holding a preliminary hearing is for the benefit of a defendant and when a defendant is not required to enter a plea.

842

Petitioner also argues that the denial of counsel at preliminary hearing was a denial at a critical stage because petitioner lost his opportunity to present a plea in abatement. After examining the applicable Nebraska statutes and case law the court does not believe that a plea in abatement must be made at the preliminary hearing, and in fact it may not even be an allowable plea at this time. A plea in abatement is a device whereby the indictment or information can be attacked. Sec. 29–1807 (Reissue 1956). As an example, a plea in abatement can be used to attack the information on the basis a preliminary hearing was *not* held. Meyers v. State, 104 Neb. 356, 177 N.W. 177 (1920); Coffield v. State, 44 Neb. 417, 62 N.W. 875 (1895). A defendant cannot be prosecuted by information until a preliminary hearing is held. See Neb.Rev. Stat. Sec. 29–1607 (Reissue 1956).

It would seem to follow, therefore, that the plea could not be made at the preliminary hearing if its purpose is to attack the information. Certainly the petitioner lost no rights by the fact that he did not file such a plea at the preliminary hearing. Such a plea is *available to a defendant any time prior to trial*, so in this regard the absence of counsel at preliminary hearing cannot be designated fatal.

There was some testimony at the hearing in this matter to the effect that Ronzzo, after being hit on the head at the time of his arrest on October 18, 1959, suffered a complete loss of memory and was aware of none of the circumstances until two months later when he found himself incarcerated in the Nebraska Penal and Correctional Complex. The only testimony of this nature is that of the petitioner himself and it was somewhat vague. The petitioner's sister and niece, testifying in his behalf, stated that he acted and sounded normal during their visits with him prior to and at his District Court arraignment and plea. It further appeared through these witnesses that Mr. Ronzzo's lapse of memory related to the time of the shooting rather than during his court proceedings.

On these issues the court finds as a matter of fact that petitioner was in a normal state of condition during and after his preliminary hearing and thus was competent to enter a plea at arraignment, where he was represented by very able counsel.

It is therefore ordered by the court that the application for writ of habeas corpus tendered by Virgil M. Ronzzo be and the same hereby is denied.