**Virgil M. RONZZO, Appellant,**

v.

**Maurice SIGLER, Warden of Nebraska Penal and Correctional Complex, Appellee.**

**No. 17911.**

United States Court of Appeals Eighth Circuit.

June 14, 1965.

Rehearing Denied June 28, 1965.

Robert R. Gibson, Lincoln, Neb., for appellant.

Clarence A. H. Meyer, Atty. Gen., of Nebraska, and C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The basic issue presented in this petition for a writ of habeas corpus by a Nebraska state prisoner was succinctly stated in the District Court by Judge Van Pelt to be: " * * * whether the denial of counsel at a probable cause hearing is a denial of procedural due process where a defendant is not required to plead or take any other steps which might affirmatively prejudice his rights." Ronzzo v. Sigler, D.C.Neb., 1964, 235 F.Supp. 839, 840. The application for writ was denied, the District Court holding that the defendant, in a state proceeding, was not prejudiced by being deprived of counsel at the prelimi-

nary hearing, nor was the defense of his cause by subsequent court-appointed counsel jeopardized where the only purpose for the preliminary hearing inured to the defendant's benefit.

■ A preliminary hearing in Nebraska is for the purpose of determining whether the offense charged has been committed and whether there is probable cause to believe the defendant committed it. It is, as Judge Van Pelt states at page 840 of 235 F.Supp., " * * * a procedural safeguard whereby it is assured to all accused of crime that they will not be detained in custody without probable cause existing that the crime charged was committed by them." In addition to not being required to plead at the preliminary hearing, petitioner was asked no questions and made no admissions. He lost nothing and was prejudiced in no way.

In White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, a case strongly relied upon by the appellant here, the petitioner pleaded guilty when arraigned at a preliminary hearing. At his trial, the plea of guilty made at the preliminary hearing was introduced into evidence. He did not have counsel at the time of the preliminary hearing and he subsequently contended that Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, applied. The Supreme Court upheld this contention, saying at page 60 of 373 U.S., 83 S.Ct. at page 1051:

> "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

In the present case, Ronzzo had counsel appointed for him four days after the preliminary hearing. Subsequently at his arraignment he entered a plea of not guilty to first degree murder and offered to plead guilty to second degree murder, which latter plea was accepted by the court.

In Hamilton v. State of Alabama, supra, the Supreme Court held that an *arraignment* in Alabama was "a critical stage in a criminal proceeding", as it was only then that the defense of insanity could be pleaded and pleas in abatement or motions challenging the composition of the grand jury be made. Obviously the petitioner there was handicapped by not having counsel appointed for him at the time of arraignment.

In White v. State of Maryland, supra, where the petitioner pleaded guilty at the preliminary hearing without having the advice or assistance of counsel, he was obviously prejudiced "at a critical stage in a criminal proceeding" when later such plea was introduced into evidence after he had changed his plea to not guilty and stood trial with the aid of counsel.

In Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, an incriminating statement was elicited by the police during their interrogation of the petitioner at a time when he had his own employed counsel and had asked for and been denied the right to consultation. The case was reversed and remanded because of the use of the incriminating statement on trial.

■ None of these cases is comparable or controlling herein. Judge Van Pelt carefully points out in his opinion that since no plea was entered at the time of the Nebraska preliminary hearing, no statement was taken from petitioner at that time, nor were any of his constitutionally guaranteed rights infringed upon and no defense opportunities lost, he was in no way prejudiced. We are in entire agreement therewith and affirm the denial of the application upon the basis of the District Court's opinion as published in 235 F.Supp. 839.