STATE OF NEBRASKA, APPELLEE, v. JERRY SHELDON, APPELLANT.

138 N. W. 2d 428

Filed November 26, 1965. No. 36091.

Edgar V. Thomas, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

Jerry Sheldon, the defendant, was convicted of burglary and possession of burglar's tools. His motion for new trial was overruled and he has appealed.

The amended information charged the defendant with burglarizing the Wachs Implement Company on November 26, 1964, and with possession of burglar's tools. In this case the burglary consisted of the willful, malicious, and forcible breaking and entering of a shop or office by the defendant with intent to steal property of any value. § 28-532, R. R. S. 1943. The possession of burglar's tools consisted of the defendant having in his possession a hammer, screwdriver, and punch with intent feloniously to break and enter any shop or other building containing valuable property. § 28-534, R. R. S. 1943.

The principal assignment of error relates to the sufficiency of the evidence to sustain the conviction. The record shows that on November 26, 1964, it was discovered that the Wachs Implement Company had been burglarized. Entry to the building had been gained by prying open a window on the alley. The safe had been broken into and approximately $60 in cash removed from it. The safe was broken into by knocking off the dial and breaking the locking mechanism so that the locking bars could be broken loose. An unsuccessful attempt had been made to break the locking mechanism with a punch, but some other tool was been used to break the locking mechanism.

At about 3 a. m. on November 26, 1964, James E. Newcome, the chief of police of David City, was patrolling the city. Jerome L. Meister, the sheriff's brother, was riding in the patrol car with Newcome. As they crossed the railroad tracks on Fifth Street, Meister saw two men standing on the tracks east of the crossing. Newcome turned the patrol car around and stopped on

the east side of the street just north of the tracks. The defendant, who was standing on the tracks near an electric pole about 60 feet east of the crossing, bent over, dropped something, and threw his right arm to the right rear of his body. The other man, who was the defendant's brother Herbert, walked over to the patrol car. The defendant then walked up to the patrol car.

The defendant said that they had had car trouble and wanted help to get their car started. The defendant's car was located 1 block east and 6 or 8 blocks south of the crossing on Fifth Street. They had lost their ignition keys so the car was started by wiring past the ignition switch. Meister helped them start the car and followed them for several miles as they left David City.

Newcome radioed to Lincoln to check the identification on the defendant's car. Then Newcome and Meister returned to the area where they had first seen the defendant and his brother. A screwdriver and a punch were found where the defendant had been standing, and a large ball peen hammer was found approximately 43 feet northeast of where the defendant had been standing. There were places on the ground where the hammer had bounced as it was thrown.

The ball peen hammer, screwdriver, and punch, together with the dial and other parts of the safe from Wachs Implement Company, were examined at the Federal Bureau of Investigation Laboratory at Washington, D. C. There was expert testimony that upon the dial and other parts of the safe there were impressions similar to those produced by hammer blows, and punch marks similar in size and shape to those made by the punch that was found where the defendant had been standing. There were marks upon a lock and plate taken from the safe which, upon microscopic examination, were found to be identical with those made by the screwdriver that was found where the defendant had been standing. There was further expert testimony that

the safe at the Wachs Implement Company contained a form of gypsum as insulation. A small deposit of that type of gypsum was found on the punch. The entire blade of the screwdriver was covered with deposits of gypsum which microscopic examination showed was of the same color, texture, appearance, and composition as that used in the safe at the Wachs Implement Company.

The evidence which has been summarized was sufficient to permit the jury to find the defendant guilty of burglary and possession of burglary tools. Although there was some conflict in the evidence in this case, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Snell, 177 Neb. 396, 128 N. W. 2d 823. This court will not interfere with a verdict of guilty which is based on conflicting evidence unless the evidence is so lacking in probative force that it is insufficient as a matter of law to support a finding of guilt beyond a reasonable doubt. State v. Brown, 174 Neb. 387, 118 N. W. 2d 328.

The record shows that the defendant was not represented by counsel at the time of the preliminary hearing in the county court. The defendant filed an affidavit of poverty and a written motion requesting the appointment of counsel which was overruled by the county judge. The complaint was read to the defendant and he pleaded not guilty to all counts. Evidence was taken and the defendant bound over to the district court. The defendant argues that the failure to appoint counsel for him at the time of the preliminary hearing deprived him of his constitutional right to the assistance of counsel.

The purpose of a preliminary hearing is to ascertain whether a crime has been committed and whether there is probable cause to believe that the accused committed it. § 29-506, R. R. S. 1943; Fugate v. Ronin, 167 Neb. 70, 91 N. W. 2d 240. It is not a trial of the person accused to determine his guilt or innocence, but is a procedural safeguard to prevent persons from being de-

tained in custody without probable cause existing that the crime charged was committed by them.

In a recent decision, Burnside v. State of Nebraska, 346 F. 2d 88, the United States Court of Appeals, Eighth Circuit, said: "It is quite true that petitioner was not represented by counsel at his preliminary hearing. Petitioner entered a plea of not guilty at such hearing and did not testify or make any admission at the hearing. Ronzzo v. Sigler, D. C. Neb., 235 F. Supp. 839, establishes that under Nebraska law the preliminary hearing is not a critical stage of the criminal proceeding and that a defendant loses no constitutional rights and suffers no prejudice as a result of lack of representation at a preliminary hearing, particularly where, as here, he offers no testimony and makes no admissions. See Pointer v. State of Texas, 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923; Nolan v. Nash, 8 Cir., 316 F 2d 776." See, also, Ronzzo v. Sigler, 235 F. Supp. 839; Ronzzo v. Sigler, 346 F. 2d 565; Bird v. Sigler, 241 F. Supp. 1007.

The record in this case does not show a denial of procedural due process or a violation of the defendant's constitutional rights.

The other assignments of error relate to an alleged variance in the information and the instruction on circumstantial evidence.

The complaint filed in the county court contained a count charging the defendant with burglary of the Wells Lumber Company. This count was omitted from the amended information upon which the defendant was tried. The amended information contained an additional count charging the defendant with being an habitual criminal. This count was dismissed by the trial court upon the defendant's motion after the hearing provided for in section 29-2221, R. R. S. 1943. There is no showing of any prejudice to the defendant, and his claim that the variance amounted to a denial of a preliminary hearing has no merit. The habitual criminal act does not create a new offense but provides a greater penalty for

repetition of criminal conduct. Rains v. State, 142 Neb. 284, 5 N. W. 2d 887.

The trial court gave an adequate and proper instruction to the jury upon the circumstantial evidence rule. The instruction given conformed to the rules stated in State v. Nichols, 175 Neb. 761, 123 N. W. 2d 860, and State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265.

The defendant also complains that the sentences are excessive. The defendant was sentenced to 10 years imprisonment upon count I which charged burglary, and to 3 years imprisonment upon count II which charged possession of burglar's tools, the sentences to run consecutively. The sentences imposed are within the maximum and minimum limits prescribed by the Legislature. In the absence of the showing of an abuse of discretion, this court will not disturb a sentence imposed within the limits prescribed by the statute. State v. Swiney, *ante* p. 230, 137 N. W. 2d 808. The record in this case fully supports the judgment of the trial court.

The judgment of the district court is affirmed.

AFFIRMED.