**Jerry SHELDON, Appellant,**

v.

**STATE OF NEBRASKA, Appellee.**

**No. 19078.**

United States Court of Appeals
Eighth Circuit.

Oct. 2, 1968.

---

Donald H. Bowman, Lincoln, Neb., for appellant.

Clarence A. H. Meyer, Atty. Gen., of Nebraska, Dept. of Justice, Lincoln, Neb., and Ralph H. Gillan, Asst. Atty. Gen., for appellee.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Jerry Sheldon, petitioner-appellant, an inmate of the Nebraska State Prison by reason of convictions upon two counts of an information, one count charging burglary and the other count charging possession of burglar's tools, seeks his release by habeas corpus proceedings. The United States District Judge, The Honorable Robert Van Pelt, conducted an evidentiary hearing and in an exhaustive but unreported opinion denied the petition for the writ. We affirm.

Sheldon was sentenced to ten years on the burglary count and three years on the possession of burglar's tools count, such sentences to run consecutively. The judgments of conviction were affirmed by the Nebraska Supreme Court in State v. Sheldon, 179 Neb. 377, 138 N.W.2d 428 (1965), and the denial of a subsequent post-conviction motion was affirmed on appeal, State v. Sheldon, 181 Neb. 360, 148 N.W.2d 301 (1967).

The principal grounds for the relief sought may be summarized as follows. On November 26, 1964, Sheldon was arrested at Lincoln, Nebraska, and on the following day was taken to David City, Nebraska and placed in jail. Sheldon testified, and for the purpose of this opinion the evidence must be deemed undisputed as it was not controverted by the state, that upon his arrival at the

jail his request to use the telephone to call an attorney or his home was refused by the authorities. Likewise, his request to the police to call an attorney for him was refused. On the following day he was taken before the county judge for preliminary hearing, whereupon he again requested that he be allowed to contact an attorney and this request was denied. The county judge entered a plea of not guilty on Sheldon's behalf.

On December 10, 1964 Sheldon was again taken before the county judge for a preliminary hearing. He again requested an attorney and the hearing was postponed to allow him time to contact one. Sheldon called a Lincoln attorney who came to see him. Upon ascertaining that Sheldon did not have sufficient funds the attorney declined the case but assisted Sheldon in preparation of a pauper's affidavit. The attorney requested the court to appoint him to defend petitioner, but the court refused as Nebraska law does not allow the appointment of an attorney at this stage of the proceedings. The preliminary hearing proceeded with the attorney in the courtroom but not participating in the hearing. Sheldon acting *pro se* cross-examined the state's witness but did not testify himself or make any statements at this hearing. After the hearing, the court bound Sheldon over for trial. Thereafter, petitioner was taken to the district court for an arraignment at which time counsel was appointed for him and a plea of not guilty was entered. His bail pending trial was set at $1500.00.

On January 6, 1965, an amended information was filed which included an habitual criminal charge in addition to the ones on which Sheldon had been previously arraigned. Petitioner was not arraigned on this amended information. However, on February 19, 1965, another amended information was filed. Petitioner, while represented by counsel, was arraigned and entered a plea of not guilty to this information. His motion to quash the amended information was denied. Trial was then had in March of 1965 and the jury returned verdicts of guilty.

In addition to the denial of request for counsel, petitioner states that he was interrogated by the sheriff and other officers who undertook to influence him to plead guilty, but at no time did he make any admission or statement that was used against him at the district court trial which followed. There is no evidence that Sheldon was mistreated in any way while incarcerated.

It was and is the state's contention that the facts do not entitle Sheldon to habeas corpus relief. The state grounds its argument upon the undisputed fact that Sheldon at no time made any admission, and there is no contention that his conviction was based upon any statement, confession or admission made at any time before trial.

There are other subsidiary issues but Sheldon advances as the first and most important issue his denial of assistance of counsel at the preliminary hearing and his requirement to enter a plea at said hearing. Kindred issues are in-custody interrogation without the presence of counsel and assertion of threats, coercion and harassment seeking to influence a guilty plea during his incarceration and prior to the trial.

■ The purpose of a preliminary hearing in Nebraska is to determine whether an offense has been committed and, if so, whether probable cause exists for holding the accused to answer for the offense.[1] See Ronzzo v. Sigler, 346 F.2d 565, 566 (8th Cir. 1965).

1. The Nebraska statute, § 29–506, R.R.S. 1943, reads as follows:
 "29–506. *Finding; probable cause; accused to be committed or released on bail; conditions.* If upon the whole examination, it shall appear that no offense had been committed or that there is no probable cause for holding the accused to answer for the offense, he shall be discharged; but if it shall appear that an offense has been committed and there is probable cause to believe that the person charged has committed the offense, the accused shall be committed to the jail of the county in which the same is to be tried, there

This court held in Burnside v. State of Nebraska, 346 F.2d 88, 90, 91 (8th Cir. 1965), that, where an accused has consistently maintained his innocence by pleading not guilty at the preliminary hearing and did not testify or make any admissions at the hearing, he loses no constitutional rights by being unrepresented at the preliminary hearing.[2] This rule does not apply when a plea of guilty is entered at the preliminary hearing that can be introduced into evidence at the trial. See Sigler v. Bird, 354 F.2d 694 (8th Cir. 1966).

In *Ronzzo*, supra, we discussed and distinguished Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and concluded:

"None of these cases is comparable or controlling herein. Judge Van Pelt carefully points out in his opinion that since no plea was entered at the time of the Nebraska preliminary hearing, no statement was taken from petitioner at that time, nor were any of his constitutionally guaranteed rights infringed upon and no defense opportunities lost, he was in no way prejudiced. We are in entire agreement therewith and affirm the denial of the application upon the basis of the District Court's opinion as published in 235 F.Supp. 839." *Ronzzo*, supra, 346 F.2d at 566.

All of the complaints of Sheldon allude to matters preceding his trial and none is in conjunction with the arraignment and trial itself where he was afforded counsel and convicted of the two felony charges. Even if his constitutional rights prior to trial were denied—as they certainly appear to have been—these facts do not deny him due process unless his trial was tainted by the previous acts. His trial was not and could not have been so tainted, and consequently no prejudice did or could have resulted to him thereby. Sheldon was only entitled to a fair trial, and there is no evidence to indicate that he did not have a fair trial. Compare Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Miller v. Eklund, 364 F.2d 976 (9th Cir. 1966); United States v. D'Angiolillo, 340 F.2d 453 (2nd Cir. 1965), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965); Armstrong v. Bannan, 272 F.2d 577 (6th Cir. 1959), cert. denied, 362 U.S. 925, 80 S.Ct. 679, 4 L.Ed.2d 743 (1960).

We, therefore, hold that in the context of the case here there is no constitutional issue involved and consequently no grounds for habeas corpus relief.

On this appeal Sheldon raises two subsidiary issues. First, he complains about the amount of the $1500.00 bond set while he was awaiting trial and the

---

to remain until he is discharged by due course of law; *Provided*, if the offense be bailable, he may be ordered released upon entering into a recognizance in such sum as may be fixed by the magistrate with one or more good and sufficient sureties to be approved by him, conditioned that the accused appear forthwith before the district court, if then in session, and if not in session, then on the first day of the next jury term thereof and not depart the court without leave. No recognizance requiring the accused to appear at the next term of the court shall be rendered invalid by the fact that the court is in session."

2. We said in Burnside v. State of Nebraska, 346 F.2d 88, at pages 90 and 91 (8th Cir. 1965):

"It is quite true that petitioner was not represented by counsel at his preliminary hearing. Petitioner entered a plea of not guilty at such hearing and did not testify or make any admission at the hearing. Ronzzo v. Sigler, D.C.Neb., 235 F.Supp. 839, establishes that under Nebraska law the preliminary hearing is not a critical stage of the criminal proceeding and that a defendant loses no constitutional rights and suffers no prejudice as a result of lack of representation at a preliminary hearing, particularly where, as here, he offers no testimony and makes no admissions. (Citing cases.)"

$10,000.00 bond set after his conviction and pending his appeal. He asserts that both bond requirements were excessive. There is no evidence or contention that the amounts of the bonds in any wise restricted or interfered with Sheldon's preparation for trial. Judge Van Pelt held on the merits that the pretrial bond was not excessive, noting that Sheldon in his testimony spoke of wanting to sell his car and other items of property so he could make bond and said "it was only a $1500.00 bond."

As to the $10,000.00 bond pending his appeal, Judge Van Pelt said that this raised no issue upon which Sheldon could be entitled to relief. It was set after the conviction in trial court and consequently could not have affected Sheldon's rights at trial, and even if excessive would not entitle him to a habeas writ. We agree and also think that the question on each bond has been belatedly raised for consideration by the federal courts in such a proceeding as this. As pointed out in the memorandum opinion, there is a method of presenting a question of reduction of bail in state courts, and if the question is not settled there a defendant may petition for a writ of habeas corpus in the federal court before the trial is commenced. See Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964); Pilkinton v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963). See and compare Hemphill v. United States, 392 F.2d 45, 47 (8th Cir. 1968).

Sheldon finally complains that he received sentences totalling thirteen years after being found guilty by the jury, whereas his brother who was indicted with him and who pleaded guilty was given a five-year suspended sentence. The short answer to this argument is that there is no evidence in the record to justify interference in the sentence by a reviewing court. There is evidence, however, that at least the state thought Sheldon was an habitual criminal as the indictment contained such a charge, but this count was dismissed by the court for lack of evidence. We note from the Nebraska Supreme Court's opinion in State v. Sheldon, 179 Neb. 377, 138 N.W.2d 428, 430, the court's discussion of the evidence in determining its sufficiency. It indicates that a safe had been broken into by knocking off the dial and breaking the locking mechanism so that the locking bars could be broken loose and that this was done after an unsuccessful attempt had been made to break the locking mechanism with a punch. In the parlance of safe burglars, this successful entry into the safe was made by "knob-knocking" which would indicate Sheldon's expertise in this field. In any event, there is no evidence whatsoever that the sentencing court acted with any retributive intent, and on the record before us we have no justification or authority to interfere with the sentence.

For the reasons stated, the judgment denying the petition for writ of habeas corpus is affirmed.