Albert Jay **TOOKER**, Petitioner,

v.

**W. J. ESTELLE, Jr.**, Warden of Montana State Prison, and the State of Montana, Respondents.

Civ. No. 851.

United States District Court, D. Montana, Billings Division.

June 5, 1970.

No attorney for petitioner.

Patrick J. Brophy, Asst. Atty. Gen., Helena, Mont., for respondents.

## MEMORANDUM OPINION AND ORDER

BATTIN, District Judge.

Petitioner was sentenced to forty years in the Montana State Prison for the crime of second degree murder in October of 1963. He has petitioned for a writ of habeas corpus. He has filed several petitions in the Montana Supreme Court seeking post-conviction relief, and this petition is the third one filed in this court.

Petitioner's first allegation, that two depositions of witnesses were not admissible at his trial, has been previously presented to this court and found without merit. Tooker v. Ellsworth, et al., Civil No. 1443, Opinion and Order of the Honorable Russell E. Smith filed November 15, 1966. This allegation will not now be considered further. Petitioner also alleges that his constitutional rights were violated when the Montana Supreme Court denied his petition for trial records on September 8, 1969. The reason for the denial, as was the case with a similar petition in 1964, was that the time for appeal had expired. In Civil No. 1443, Judge Smith found that the time for appeal had expired without any violation of petitioner's constitutional rights. Between the

1964 and the 1969 petitions, an extensive hearing on a writ of habeas corpus was held in state district court. Petitioner was supplied with the transcript and documents from that hearing. Review of the hearing was had before the Montana Supreme Court. Petition of Tooker, 147 Mont. 207, 410 P.2d 923 (1966). In the opinion of this court, the refusal of the Montana Supreme Court to order the trial records after the time for appeal had expired and after a full evidentiary hearing does not deny petitioner due process or equal protection of the law.

■ Petitioner next contends that his statements to law enforcement officers were not admissible at his trial because he was so intoxicated that he could not waive his rights. Petitioner's trial took place nearly three years befor Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Evidence adduced at petitioner's hearing shows that the police officers warned him that anything he said may be used against him in court and that he had a right to have an attorney present. With regard to his intoxication at the time of the interviews, petitioner stated under oath at the hearing, "I wouldn't consider myself drunk." A police officer testified that after being informed of his rights, petitioner volunteered to continue with the interview. Petitioner's allegation that his waiver of rights was involuntary due to intoxication is an unsupported conclusion. He supplies no facts which justify a finding that his rights under the Fifth and Fourteenth Amendments were violated.

■ Petitioner's next allegation is that his waiver of a preliminary hearing and waiver of counsel at that stage were not understandingly nor intelligently made. This allegation does not state a constitutional violation upon which petitioner is entitled to relief. First, the record does not support his contention. Petitioner was taken before the magistrate, the complaint was read to him, he was advised of his right to counsel, which he did not request, and he waived preliminary hearing. There is nothing to show his alleged lack of understanding. Secondly, the purpose of a preliminary hearing in Montana is to determine whether or not there is probable cause to believe that an accused has committed a crime. No plea is taken and no defense opportunities are lost. Where such is the situation, even a denial of counsel at preliminary proceedings is not a denial of due process. Ronzzo v. Sigler, 346 F.2d 565 (8 Cir. 1965).

■ Petitioner's final contention is that the foundation was insufficient for the admission into evidence of a gun at his trial. This allegation has not been raised in any of his prior proceedings in state court. Under Title 28 U.S.C. Section 2244, it cannot now be considered by this court. As to his other allegations, petitioner has exhausted his state remedies in the following state proceedings: Petition of Tooker, 144 Mont. 158, 394 P.2d 1021 (1964); Petition of Tooker, 146 Mont. 35, 403 P.2d 204 (1965); Tooker v. State (Ellsworth), et al., 147 Mont. 207, 410 P.2d 923 (1966); Petition of Tooker, 148 Mont. 69, 417 P.2d 87 (1966); and Petition of Tooker, 26 St.Rptr. 545 (1969).

The only factual allegation of petitioner involves his intoxication at the time he was interviewed by police officers. His allegation is conclusory and presents no facts in addition to those brought out at his hearing. The remaining allegations present only questions of law. With the petition, the return of the Attorney General, the transcript and records from petitioner's hearing, and the documents from all of petitioner's other proceedings, the court is fully informed. An evidentiary hearing would serve no useful purpose.

It is therefore ordered that the petition for a writ of habeas corpus be and it hereby is denied.