Arthur DILWORTH, Appellant,

v.

Maurice H. SIGLER, Warden, Nebraska State Penitentiary, Appellee.

No. 17134.

United States Court of Appeals
Eighth Circuit.

Dec. 27, 1963.

Rehearing Denied Feb. 12, 1964.

Arthur Dilworth, pro se.

Clarence A. H. Meyer, Atty. Gen., and H. G. Hamilton, Asst. Atty. Gen., Lincoln, Neb., for respondent.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

Appellant is an inmate of the Nebraska State Penitentiary, under conviction and sentence for issuing a no-funds check in violation of the State's statutes. He was tried to a jury; was represented by the Public Defender's office for Douglas County, Nebraska; took no appeal from the judgment of conviction; and has never instituted any proceeding of collateral attack upon his conviction in the courts of the State.

He made application to the District Court for the District of Nebraska for a federal writ of habeas corpus, which the Court denied, and the appeal here is from that order.

The sole basis on which the order was predicated was that there had not been an exhaustion of state remedies. The order was entered prior to Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and in reliance upon Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

The Court's Memorandum contains an observation that "there is perhaps a question whether Petitioner now has an available remedy by which to attack his conviction in the state courts", but the Court did not engage in a determination of the question, as there was, of course, no occasion in the situation for it to do under Brown v. Allen.

The order of denial will accordingly be vacated, and the cause will be remanded to enable the Court to deal with the question on the basis of Fay v. Noia, and to consider, if it should find that no probably available state remedy exists, whether the issues sought to be raised are such as to call for a hearing under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 770.

Order vacated and cause remanded.