**Fred DABNEY, Appellant,**

**v.**

**Maurice H. SIGLER, Warden of the Nebraska State Penitentiary, Lincoln, Nebraska, Appellee.**

**No. 17750.**

United States Court of Appeals Eighth Circuit.

May 19, 1965.

Daniel B. Kinnamon, of Eisenstatt, Lay, Higgins & Miller, Omaha, Neb., for appellant.

Melvin Kent Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., and Clarence A. H. Meyer, Atty. Gen. of State of Nebraska and C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Nebraska, denying appellant's petition for writ of habeas corpus seeking release from a 20-year sentence imposed by the District Court of Douglas County, Nebraska, for second degree murder.

Appellant's claimed right to such writ is premised in denial of appointment of counsel in perfection of an appeal from his judgment of conviction; and denial of the Supreme Court of the State of Nebraska to allow him to proceed with an appeal in a State habeas corpus proceed-

ing without compliance with the rules of that Court as to printed briefs; all claimed to be in violation of the "due process" and "equal protection" clauses of the Fourteenth Amendment to the Constitution of the United States. (Const. XIV Am.) Appellant is presently confined in the Nebraska State Penitentiary.

It appears appellant was arrested on June 22, 1961, on a complaint and warrant dated September 28, 1955, charging him with the crime of first degree murder, and was first taken before a Judge of the Municipal Court, City of Omaha, on June 22, 1961. "The record reflects 'examination waived.'" [1] Thereafter, on June 28, 1961, a criminal information was filed in the District Court for Douglas County, Nebraska, charging petitioner "did purposely and of deliberate and premeditated malice kill James Delno Pickinpaugh * * *." Appellant was arraigned on that charge the same day, without presence of counsel. The assistant public defender of Omaha, Nebraska (§ 29–1804, R.S.Nebr.1943) was appointed to (represent) the petitioner on July 3, 1961, "after the preliminary hearing (was) held." Appellant was put to trial on the information *ante*, on October 9, 1961. Two days after his trial had commenced, the words " * * * 'purposely and of deliberate and premeditated malice' were penned through the charging part of such information, and 'unlawfully, maliciously, purposely, but without premeditation and deliberation' (was) penned in the above phrase" of the complaint as originally filed against appellant.[2]

He "was found guilty (by jury verdict) of the crime of second degree murder" under the information, as amended, and sentenced to "20 years (imprisonment at) hard labor on January 23rd, 1962."

After rendition of the verdict of guilt, and prior to imposition of sentence, appellant had a conversation with the "Public Defender" regarding "the matter of appeal" of his conviction to the Supreme Court of the State of Nebraska. At that time, appellant "told (the Public Defender) that (he) wanted to appeal (his) conviction; and from the way he (the Defender) talked to me I figured that he was going to put in an appeal. He told me that he had already put in a motion for new trial the day after I was found guilty." The only controverting evidence appearing in the record as to the above salient fact is an affidavit of the Public Defender,[3] received in evidence as "Resp. Exhibit 3," stating his lack of "recollection" regarding any such discussion with appellant. Regardless, the undisputed fact here appearing is, "the petitioner was not represented by counsel subsequent to the 23rd day of January, 1962."

After sentence was imposed, appellant was promptly confined in the Receiving Center of the Nebraska State Penitentiary. While so confined, he had a conversation "with some fellows and they told me that if I didn't have this appeal in by the 23rd of February that I wouldn't be able to get an appeal." There-

---

1. All quotations appearing in this opinion are admitted or undisputed facts found in the record before us, except where parentheses are added in quotations for continuity and clarity.

2. There is nothing in the record before us revealing that appellant was ever "recognized * * * to answer the offense" charged in the information as amended, as required by §§ 29–2018 and 29–2019, R.S.Nebr.1943. See 42 C.J.S. Indictments and Informations §§ 231–238.

3. "Adolph Q. Wolf, being first duly sworn, upon his oath deposes and says that he is the duly elected, qualified and acting Public Defender in and for Douglas County, Nebraska; that he represented and defended the Petitioner herein, Fred Dabney, in his prosecution for first degree murder in the District Court of Douglas County, Nebraska in October, 1961; that he has no recollection of having had any discussion with or communication from the Petitioner in which there was expressed any desire upon the part of the Petitioner to appeal his conviction of murder in the second degree; and that said Petitioner appeared to have been satisfied and pleased with the outcome of the prosecution, insomuch as his conviction was of a lesser offense than that originally charged."

upon, appellant undertook to file an appeal in the Douglas County District Court "in a letter form, and I explained to them that I did not know anything about the law and that I was a pauper and had no attorney, and I asked them if they would accept this letter as a notice of appeal." He received no reply from that communication. Thereafter, and within thirty (30) days after sentence, appellant addressed a letter to the Clerk of the Supreme Court of the State of Nebraska, requesting information as to how to file and additional time for the filing of briefs, in support of his attempted appeal.

On February 13, 1962, that Clerk sent a letter to appellant, addressed to the "State Penitentiary" at Lincoln, Nebraska, reading as follows:

"This will acknowledge receipt of your recent letter. Under the law of this state, an appeal in a criminal case must be taken within one month of the date of sentence. I suggest that you either contact the attorney who represented you at trial to see what, if anything, can be done for you at this late date or present your problem to the Legal Aid Bureau, University of Nebraska, College of Law, Lincoln.

Yours truly,
(Signed) GEO. H. TURNER
Clerk."

"That petitioner attempted to receive aid" from the Legal Aid Bureau, mentioned in the above letter, within thirty (30) days from the time sentence was imposed on him is made manifest by a letter he received from the Director of the Legal Aid Bureau, College of Law, Lincoln, under date of February 22, 1962:

"Mr. Fred S. Dabney
Box 111
Lincoln 1, Nebraska

Dear Mr. Dabney:

This is to acknowledge receipt of your letter dated February 16, 1962.

Our offices are open on only Tuesday and Thursday afternoons and I therefore received your letter just this date.

Please be advised that this office does not handle criminal matters, and therefore the only help I feel we could be in this case would be to advise you to contact the district court in which your original trial was had and advise them immediately of your desire to file Notice of Appeal. I would also suggest that you contact your defense attorney relative to this matter.

Very truy yours,
(Signed) DAVID KEENE
Director."

Thereafter, on April 24, 1962, appellant mailed a petition for writ of habeas corpus to the District Court of Lancaster County, Nebraska, which was filed as Case No. 16–43. Whereupon, that Court ruled: "On poverty affidavit filed" petitioner be allowed to file petition in forma pauperis. Upon examination of petition, the Court found that it did not state a cause of action and the writ was denied and petition dismissed. A copy of such petition for writ of habeas corpus appears in the record here. No useful purpose would be served by incorporating a copy thereof in this opinion. It is sufficient to say that a "notice of appeal of the denial of" that petition for writ of habeas corpus "was filed and the case regularly docketed in the Nebraska Supreme Court * * * on May 2, 1962, and brief day was set for July 2, 1962."

"A transcript of the denial of the writ of habeas corpus in the Lancaster District Court was filed in the Nebraska Supreme Court on May 17, 1962 * * *."

"Petitioner, prior to July 2, 1962, submitted (a handwritten) instrument labeled 'Appellant's Brief to Denial of the Writ of Habeas Corpus' * * * to the Nebraska Supreme Court (along with) an instrument labeled 'Motion to Pro-

ceed in the Absence of Required Number of Printed Briefs * * *."

"The Clerk of the Nebraska Supreme Court * * * on July 2, 1962, returned the handwritten brief (above) described, along with a letter (addressed to appellant) * * stating in substance that the brief could not be filed because it is not prepared and (sic) prescribed by the rules of this court governing the filing of briefs."

"The petitioner's appeal of (the) denial of the writ of habeas corpus in (the) Lancaster District Court was dismissed on October 1, 1962, for failure to file a printed brief in accordance with the rules of the Nebraska Supreme Court * * *."

Thereafter, on June 5, 1963, appellant filed a handwritten petition for writ of habeas corpus in the United States District Court for the District of Nebraska. From the allegations thereof, that Court found "good reasons" stated for the issuance of a show cause order, returnable June 17, 1963. After return was so filed, counsel was appointed by that Court to represent petitioner. Thereafter, a hearing was held in the Court below, on April 9, 1964. A transcript of the proceedings as made before that Court is before us. It is not deemed necessary for us to expatiate thereon or upon proof adduced at the hearing so held. We think it sufficient to note that identifiable issues were raised and presented in that proceeding as to appellant's trial court's failure to appoint counsel to represent petitioner on appeal from his judgment of conviction and sentence, *ante;* appellant's attempt to personally perfect appeal therefrom without aid of counsel within thirty days of the date of his sentence; and that District Judge Van Pelt has certified to this Court that this appeal "is taken in good faith and that notwithstanding (his) opinion of the correctness of his * * * ruling (denying appellant's petition for writ of habeas corpus) the (District) Court finds that (this) appeal is not without merit and that petitioner-appellant should be al-

lowed to (prosecute this) appeal in forma pauperis." (Par. added.)

We do not reach the merits of the issues raised in this appeal for it appears that since the denial of appellant's petition for writ of habeas corpus in the Court below and appeal therefrom to this Court, the Legislature of the State of Nebraska, 75th Session, has enacted a new remedy "relating to criminal procedure; to provide a post-conviction procedure; to provide that (such) procedure shall be cumulative; to provide for appointment of attorneys as prescribed; and to declare an emergency" (par. added) therefor, which became effective on the 12th day of April, 1965, upon the Governor of the State of Nebraska signing into law the provisions thereof. That presently enacted law reads as follows:

"*Be it enacted by the people of the State of Nebraska,*

"Section 1. A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

"Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, the court shall vacate and set

aside the judgment and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. Proceedings under the provisions of this act shall be civil in nature. Costs shall be taxed as in habeas corpus cases.

"A court may entertain and determine such motion without requiring the production of the prisoner, whether or not a hearing is held. Testimony of the prisoner or other witnesses may be offered by deposition. The court need not entertain a second motion of successive motions for similar relief on behalf of the same prisoner.

"Section 2. An order sustaining or overruling a motion filed under the provisions of this act shall be deemed to be a final judgment, and an appeal may be taken to the Supreme Court therefrom as provided for in appeals in civil cases; *Provided,* that a prisoner may in the discretion of the Supreme Court upon application to the court be released on such recognizance as the Supreme Court shall fix pending the determination of the appeal.

"Section 3. The remedy provided by this act is cumulative and is not intended to be concurrent with any other remedy existing in the courts of this state. Any proceeding filed under the provisions of this act which states facts which if true would constitute grounds for relief under another remedy shall be dismissed without prejudice.

"Section 4. The district court may appoint an attorney or attorneys, not exceeding two, to represent the prisoners in all proceedings under the provisions of this act and fix their compensation as provided in section 29–1803, Reissue Revised Statutes of Nebraska, 1943.

"Section 5. Since an emergency exists, this act shall be in full force and take effect, from and after its passage and approval, according to law."

Hence it here appears that a simplified procedure now exists under Nebraska law whereby the Courts of that State are granted jurisdiction; and a remedy is provided for post-conviction review of sentences of prisoners convicted for violation of the laws of that State, where claim of violation of constitutional rights is asserted, much like that provided prisoners in federal custody under § 2255, Title 28, U.S.C.A. Thus by statute law of Nebraska a new procedure is now provided for post-conviction review in criminal cases in the State of Nebraska, where constitutional rights are alleged to have been violated, such as raised in the case at bar.

■ We have taken judicial notice of the enactment of the above law since the Legislature of the State of Nebraska made a declaration therein that "an emergency exists" and such "act shall be in full force and take effect, from and after its passage and approval, according to law"; and the existence of such remedy now presents to the Federal Courts concerned with Nebraska law, "a question that has important implications for federal-state relations in the area of the administration of criminal justice." Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963).

■ That Federal Courts may and should take judicial notice of the laws of the several states, whether pleaded or not, (Boland v. Love, (1955) 95 U.S.App. D.C. 337, 222 F.2d 27, 31, and cases there cited) and the law to be applied by reviewing courts, particularly in habeas corpus actions, is the law existing when a decision is reached, and not the law at the time of trial and judgment, is a matter as to which there can be no doubt. Cf. Schilder v. Gusik, 180 F.2d 662, 664 (6 Cir. 1950); Gallup v. Caldwell, 120 F.2d 90 (3 Cir. 1941).

The Supreme Court of the United States, at its October Term 1948 (Ferguson v. Ragen, 338 U.S. 833, 70 S.Ct. 50, 94 L.Ed. 508), denied seven petitions for certiorari then pending before it by merely noting:

"The petition for writ of certiorari in each of (those) cases (was) denied without consideration of the questions raised therein and without prejudice to the institution by petitioner of proceedings in any Illinois state court of competent jurisdiction * * *."

after it was informed that the Legislature of Illinois had enacted an "Act of August 4, 1949, entitled:

"An Act to provide a remedy for persons convicted and imprisoned in the penitentiary (of that State), who assert that rights guaranteed to them by the Constitution of the United States or the State of Illinois, or both, have been denied or violated, in proceedings in which they were convicted." (Par. added.)

Cf. also, United States ex rel. Peters v. Ragen, 178 F.2d 377 (7 Cir. 1949).

In the light of the foregoing and the national policy mandated by the Congress in § 2254, Title 28, U.S.C.A., we are compelled to apply the rule of "exhaustion of state remedies" to this appeal, (cf. United States ex rel. Wilkins v. Banmiller, 325 F.2d 514 (3 Cir. 1963)) to avoid "unseemly collisions" between the State Courts of Nebraska and Federal Courts, and give to the former courts first opportunity to avoid alleged abuses of federal constitutional rights such as here claimed by appellant. The availability of that relief in the State Courts of Nebraska is now a matter of significance to Federal Court jurisdiction in cases such as the one at bar. Cf. Dilworth v. Sigler, Warden, 325 F.2d 396 (8 Cir. 1963); Cyronne-DeVirgin v. State of Missouri et al., 341 F.2d 568 (8 Cir. 1965); Witt v. Nash, Warden, 342 F.2d 791 (8 Cir. 1965).

Remanded with direction to the District Court to show that dismissal of appellant's application for writ of habeas corpus is without prejudice.

We commend Daniel B. Kinnamon, of the Nebraska Bar, for excellence of brief and representation of appellant as Court-appointed Counsel in this case.