**Merle W. BURNSIDE, Appellant,**

v.

**STATE OF NEBRASKA, Appellee.**

**No. 17930.**

United States Court of Appeals
Eighth Circuit.

June 3, 1965.

Merle W. Burnside, pro se.

Clarence A. H. Meyer, Atty. Gen., and Bernard L. Packett, Asst. Atty. Gen., of Nebraska, Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, BLACK-MUN and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal by Merle W. Burnside, hereinafter called petitioner, from final order denying his petition for writ of habeas corpus wherein he attacks the validity of his imprisonment in the Nebraska State Penitentiary resulting from his conviction in the Nebraska state courts upon a charge of robbery and a habitual criminal charge upon the ground that his federal constitutional rights have been violated. The trial court issued a show cause order, appointed counsel for petitioner, and held a hearing at the conclusion of which it specifically advised petitioner that he could produce any further evidence he chose in support of his contentions. The petitioner proceeded in the trial court in forma pauperis and is so proceeding here under a certificate of probable cause issued by the trial court.

The State urges that petitioner is entitled to no relief upon the ground that he has not exhausted his available state remedies. Petitioner did attack his conviction by habeas corpus in the State District Court and took an appeal to the Supreme Court which appeal was dismissed at his request. Petitioner's testimony is that the appeal was dismissed because he was refused the right to file handwritten briefs and that he was without funds or counsel.

The State also asserts that on April 12, 1965, a Nebraska law providing a post-conviction remedy coextensive with federal habeas corpus became effective and that such law provides an adequate state remedy. Such statute is set out and its effect discussed in Dabney v. Sigler, Warden, 8 Cir., 345 F.2d 710 (May 19, 1965). We there held that the new Nebraska statute provided an adequate state remedy which the prisoner was required to exhaust before seeking federal habeas corpus. Doubtless in all cases hereafter commenced, as well as in many cases now pending, such procedure should be followed. However, in our present case the trial court has held a full and fair hearing upon the petition and has, as is hereinafter demonstrated, properly resolved all issues presented. Under such circumstances, it would be a waste of judicial time to require the Nebraska courts to re-cover the same ground. Hence, we have chosen to consider this appeal upon its merits.

Judge Van Pelt, who heard this case, in a well-considered memorandum opinion (not reported), states that while petitioner presented numerous reasons for the issuance of the writ, evidence was introduced in support of only two grounds, namely, (1) denial of the Fourth Amendment rights in that a gun introduced in evidence at the trial was obtained by means of an illegal search and seizure, and (2) lack of counsel at preliminary hearing in violation of the Sixth Amendment rights.

On the first issue, relating to illegal search and seizure of the gun, the court heard the testimony of petitioner and of officer Geis. The court in its opinion discusses the evidence, which in some respects is conflicting, and states:

"The court chooses to believe the version as related by Captain Geis,

not only on the basis of credibility but also for the reason that it is more plausible. Mrs. Burnside had made three prior attempts to take her own life during periods of stress and there was reason to think she would try again. Certainly Burnside was concerned over this possibility, and the court believes that it is more than idle speculation or conjecture to conclude that petitioner's concern was also actuated by the fact that Mrs. Burnside had easy access to a loaded gun thought to be lying on the bed.

"The court has difficulty in believing that the police officers would have taken Burnside to his home at such a late hour, unless the preventing of Mrs. Burnside from using the gun by taking it was discussed and influenced their action.

"Under the circumstances of this case the court is constrained to find against petitioner on this allegation, and concludes that consent was given to search the premises when the officers accompanied Burnside to the apartment the night of his arrest. There cannot be an illegal search and seizure if consent is freely given, and in this instance all undisputed facts and inferences point toward a voluntary consent. See Burge v. United States, 332 F.2d 171 (8th Cir. 1964). The petitioner has not sustained his burden."

The evidence shows without dispute that defendant was arrested about 6:30 p. m. and was questioned until about 9 p. m. when he was placed in his cell. About 11 p. m. petitioner summoned the guard and made a request that he be taken to his home because of his concern for his wife's safety by reason of her suicidal tendencies, which request was granted. Geis positively testified that the petitioner at the jail had expressed concern about the gun when he requested to be taken to his home, and that petitioner stated the gun was left on the bed and that upon arrival at the petitioner's home when the gun was not found on the bed, petitioner gave him permission to look for it and made no protest at any time to the search. The gun was found behind a sofa pillow. Petitioner when asked at the hearing how the gun got there, testified: "Well, I had left it laying there that afternoon. It probably just slid on back behind."

There is no merit to petitioner's contention that his consent to the search was coerced. The trip to petitioner's home was made at his urgent request. The court's conclusion that the petitioner voluntarily consented to the search for the gun is supported by substantial evidence.

█ Upon the second issue, the court states:

"The averment that lack of counsel at preliminary hearing deprived petitioner of a fair trial can be of no avail in this instance. Burnside pleaded not guilty when first brought before a magistrate for preliminary hearing on June 17, 1960. The hearing itself was held on July 8, 1960, and petitioner again asserted his innocence. This court has recently considered in detail the effect of a lack of counsel at a preliminary hearing on the validity of a conviction where the defendant pleaded not guilty at such a hearing. In Ronzzo v. Sigler, 703L, it was determined that lack of counsel in such circumstances would not serve as sufficient grounds for the issuance of a writ of habeas corpus, as there is no likelihood of resulting prejudice and the effectiveness of subsequently acquired counsel is in no manner impaired. See United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir. 1964) and De-Toro v. Pepersack, 332 F.2d 341 (4th Cir. 1964). The decision in Ronzzo is controlling herein with respect to the denial of counsel allegation."

█ It is quite true that petitioner was not represented by counsel at his preliminary hearing. Petitioner en-

tered a plea of not guilty at such hearing and did not testify or make any admission at the hearing. Ronzzo v. Sigler, D.C.Neb., 235 F.Supp. 839, establishes that under Nebraska law the preliminary hearing is not a critical stage of the criminal proceeding and that a defendant loses no constitutional rights and suffers no prejudice as a result of lack of representation at a preliminary hearing, particularly where, as here, he offers no testimony and makes no admissions. See Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Nolan v. Nash, 8 Cir., 316 F.2d 776.

Petitioner on brief raises the additional contention that his conviction under the Habitual Criminal Act was illegal because he was not represented by counsel at all stages of the trials resulting in his convictions on his pleas of guilty in the prior felony convictions upon which the habitual criminal charge is based. After petitioner's conviction upon the robbery charge upon a jury verdict, trial was had to the court on the habitual criminal count. The evidence of the prior convictions was received without objection. Although petitioner in the present proceeding was afforded a full opportunity to offer any evidence he chose in support of his contentions, he offered no evidence to the effect that his pleas of guilty to the former felony charges were not voluntarily, intelligently and knowingly made, or that he was not represented by counsel, or in event he had no counsel, that he did not knowingly and intelligently waive counsel. The only reference to the prior convictions found in the evidence in the present case is petitioner's admission of the convictions. Petitioner has failed to meet the burden imposed upon him to support his charges of violation of his constitutional rights. See Johnson v. Zerbst, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 82 L.Ed. 1461.

Petitioner has wholly failed to demonstrate that the trial court committed any error in reaching its decision. The order denying the petition for writ of habeas corpus is affirmed.