**UNITED STATES of America ex rel.
Edwin Blaine CHALFONTE**

v.

**Alfred T. RUNDLE, Superintendent, State
Correctional Institution, Grater-
ford, Pa.**

**Misc. No. 69–255.**

United States District Court,
E. D. Pennsylvania.

Aug. 25, 1971.

Peter Brown, David Rudovsky, Phila-
delphia, Pa., for relator.

Arlen Specter, Dist. Atty., David Rich-
man, Asst. Dist. Atty., for respondent.

OPINION

HIGGINBOTHAM, District Judge.

The factual background to the present
application for the writ of habeas corpus
may be summarized as follows: The re-
lator, Edwin Blaine Chalfonte, was in-
dicted by the Philadelphia County Grand
Jury, Indictments Nos. 20–29, November
Sessions, 1937, and No. 421, May Ses-
sions, 1932. He was tried before the
Honorable Harry S. McDevitt and a Jury
on November 5, 1937, and was convicted
on all indictments. The Court sentenced
relator to consecutive sentences of ten
to twenty years on Nos. 20, 21, and 22,
charging three separate armed robber-
ies. No sentence was imposed on the
remaining indictments. Relator was
represented at trial by Thomas E. Cogan,
Esquire, Chief Counsel of the Defender
Association.

No direct appeal was taken from the
judgment of sentence. Relator is pres-
ently confined in the State Correctional
Institution at Graterford, Pennsylvania.

Relator previously has attacked his
conviction by a petition to the Pennsyl-
vania Superior Court for a writ of ha-
beas corpus. After a hearing on the pe-
tition on November 10, 1943, the Court
dismissed the petition on its merits.
Commonwealth ex rel. Chalfonte v.
Smith, 153 Pa.Super. 561, 34 A.2d 825
(1943). There is no indication in the
Superior Court's opinion, nor is it al-
leged by relator, that he was represented
by counsel in the presentation of his
state habeas corpus petition before the
Superior Court.

II

In support of his present petition, the
relator alleges that he was denied effec-
tive assistance of counsel at trial and
that he was denied the right to compul-
sory process for witnesses. These two
grounds were urged as a basis for relief

in relator's 1943 petition for state habeas corpus. Commonwealth ex rel. Chalfonte v. Smith, *supra*. Although relator has presented these grounds for relief to a state appellate court, the District Attorney urges this Court to stay the exercise of its jurisdiction in order to permit Pennsylvania state courts to again consider relator's claims for relief.

■ To support the requested stay of this Court's jurisdiction, the Commonwealth advances two contentions: first, because the relator was not represented by counsel in his habeas corpus petition to the Superior Court, it is asserted that the relator is now entitled to a new hearing with the benefit of counsel, under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. § 1180–12 (Supp. 1970) Commonwealth v. Schmidt, 436 Pa. 139, 259 A.2d 460 (1969); second, because of the "great evolution" during the past 28 years in the areas of law invoked by relator, it is urged that the state courts should be given an opportunity to consider relator's allegations "in the light of current constitutional criteria." After considering the competing and substantial interests relevant to any stay of the exercise of this Court's jurisdiction, I have determined that comity with state courts in the protection of federally guaranteed rights indicates that I should decline to exercise this Court's jurisdiction at this time. I have, therefore, determined to dismiss the relator's petition without prejudice, in order to allow the Commonwealth of Pennsylvania to provide a fully effective procedure for direct appellate challenge to the relator's 1937 conviction. This procedure will allow the Commonwealth to provide an effective remedy to the relator, including the appointment of counsel, and also will permit state courts to evaluate the relator's basic claims in light of the evolution in Constitutional doctrine since 1943.

## III

## A. INTERVENING CREATION OF AN ADEQUATE STATE REMEDY

Recent decisions support the conclusion that dismissal without prejudice is appropriate here. In Texas v. Payton, 390 F.2d 261 (5th Circuit, 1968) the Court of Appeals dismissed an application for federal habeas corpus without prejudice, when it appeared that after the petitioner's exhaustion of the then available state post-conviction remedies, Texas criminal procedures were amended "to provide for a full hearing on contested issues of fact in the Texas District Court where the applicant was convicted * * * * " [1] Even though federal judicial resources had already been invested in considering petitioner's claim in Texas v. Payton, the Court of Appeals nevertheless deferred to the state court, emphasizing that "deference to the State court in this case would further reduce the possibility of friction and fortify the rapport between State and Federal Judges," thereby vindicating the principle that "the duties and responsibilities of State and Federal Judges in the administration of federal constitutional law are co-equal." 390 F.2d at 271.[2]

In Dabney v. Sigler, 345 F.2d 710 (8th Cir. 1965), the dismissal of a peti-

---

1. 390 F.2d at 270. The relevant amendment to the Texas Code of Criminal Procedure became effective on August 28, 1967. The amended provision was construed authoritatively by the Texas Court of Criminal Appeals in a decision rendered September 14, 1967. The Order of the Federal District Court granting the writ of habeas corpus was filed, however, on October 27, 1966. The Opinion and Order of the Court of Appeals reversing the District Court and dismissing the writ without prejudice were rendered February 12, 1968.

2. The specific state responsibility which was recognized in Texas v. Payton was the responsibility of the state trial court in which the relator was convicted "to evaluate and weigh the testimony during and circumstances surrounding the trial and hearing on motion for new trial." 390 F.2d at 270. This specific responsibility is however, only one illustration of the fundamental responsibilities of state courts in the protection of Federal Constitutional guarantees.

tion for habeas corpus without prejudice was approved, when, subsequent to the denial of the petition for habeas corpus in the District Court and the filing of an appeal, Nebraska enacted a comprehensive procedure for post conviction relief. The new procedure provided, *inter alia,* for the appointment of counsel to represent the state prisoner. The habeas applicant in *Dabney* had not been represented by counsel in a previous petition to the Nebraska state courts.

In Burnside v. Nebraska, 346 F.2d 88 (8th Cir. 1965), a full evidentiary hearing on relator's petition for habeas corpus had been held in the Federal District Court before the effective date of the Nebraska statute, considered in Dabney v. Sigler, *supra,* providing a post-conviction remedy "co-extension with federal habeas corpus." 346 F.2d at 89. Even though an adequate state remedy was thus available where none had been available before, the Court of Appeals concluded that because a full evidentiary hearing had already been held in the District Court "it would be a waste of judicial time to require the Nebraska courts to re-cover the same ground" in the state courts. 346 F.2d at 89. Hence, the Court proceeded to consider the merits of the petition.

It should be recognized that the result in Payton v. Texas, *supra,* and Dabney v. Sigler, *supra,* has been criticized for wasting judicial resources and unfairly postponing relief for the habeas applicant.[3]

In the present case, however, there has not yet been a substantial investment of Federal judicial resources in the consideration of relator's petition; further, if relator's petition is promptly considered by Pennsylvania state courts, he will in no way be prejudiced, nor will consideration of his claim be unfairly delayed. Without holding that 28 U.S.C. § 2254[4] *compels* this Court to decline to exercise its jurisdiction for failure to exhaust state remedies, I conclude that dismissal of the present application without prejudice will favor the interest of comity with state courts, without causing a significant sacrifice of judicial economy, or unfairly delaying consideration of petitioner's claim on the merits.

## B. STATE RESPONSIBILITY FOR THE DEVELOPMENT AND INTERPRETATION OF CONSTITUTIONAL DOCTRINE.

■ Another consideration of comity with state courts also supports the dismissal of the present application without prejudice. Constitutional doctrine concerning the appointment and adequacy of counsel for criminal defendants, and also concerning the right to the confrontation of witnesses has undergone important changes, both in principle and in spirit, since the initial decision on relator's application in 1943.[5] State courts share an equal responsibility with federal courts for the development and evaluation of doctrine relating to the protection of Federal Constitutional guarantees. The state courts of Pennsylvania, therefore, should have the first opportunity to consider the constitutional claims of petitioner in light of the intervening developments in constitutional law since 1943. Brown v. New Jersey, 395 F.2d 917, 920 (3rd Cir. 1968), *accord*: In re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968).

For the foregoing reasons an Order dismissing relator's petition without prejudice will be entered.

---

3. Developments in the Law—Federal Habeas Corpus, 83 Harv.L.R. 1038, 1102 (1970).

4. 28 U.S.C. § 2254(b) provides: An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

5. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).